[No. 36072.    Department Two.    April 19, 1962.]

AGNES WILBURN, *Respondent,* v. CHESTER WILBURN, *Appellant.**

* Reported in 370 P. (2d) 968.

*Whitmore, Vinton, Powers & Manion* and *Howard T. Manion,* for appellant.

*Wallace & Fraser* and *William H. Fraser,* for respondent.

HUNTER, J.—This is an appeal from a judgment modifying a divorce decree.

The plaintiff (respondent), Agnes Wilburn, obtained a divorce from the defendant (appellant), Chester Wilburn, on November 4, 1957. The decree of divorce provided that the custody of their minor children be awarded to the plaintiff and directed the defendant to pay the plaintiff $40 per month for the support of the children, until the youngest child ". . . attains the age of twenty-one years, becomes self supporting, marries or dies, whichever event shall sooner occur."

On December 19, 1960, the plaintiff filed a petition for modification of the decree, alleging that she has been sporadically employed as a cook; that the minor son, 17 years and 6 months of age, was unemployed, and that the minor daughter, 16 years of age, was being cared for in a foster home at a cost of $80 per month; and that the $40 per month contributed by the defendant for child support, as provided in the original decree, is inadequate. The petition contained the request that the decree be modified by a direction that the defendant pay child support in at least the amount of $100 per month, and that such other relief be granted as may appear just and proper.

An order was issued, by the trial court, directing the defendant to appear before said court and show cause why the plaintiff's prayer for relief should not be granted.

The defendant filed an answer and cross-petition which alleged his inability to pay more than the amount directed in the original decree; that the son of the parties was emancipated; that the defendant, therefore, should be relieved of the duty of further care for his son's support.

At the conclusion of the hearing on the issues raised by the pleadings, the trial court entered an order which found that the minor son would be 18 years of age in April, 1961; that at the time of the hearing he was emancipated and not dependent upon either of his parents for support. The court further found, however, that the minor son had incurred hospital and doctor bills resulting from an automobile accident in December, 1960; that he was temporarily unable to earn his own support. It was also found by the court that expenses in the amount of $75.50 per month for foster home care of the 16-year-old daughter of the parties were being paid by the Department of Public Assistance. The court, thereupon, entered an order modifying the original divorce decree. The order provided:

"1.  The minor child of the parties, RONALD WILBURN, is an emancipated minor, and upon the payment by the defendant herein of all hospital and doctor expenses arising from that certain accident in which said RONALD WILBURN was involved in December of 1960, both of the parties hereto shall be relieved of any further obligation of support to said minor.

"2.  That the defendant shall provide the sum of $75.50 for the care, education and support of the minor daughter of the parties, DARLENE WILBURN, monthly from the date of the entry of this order until she reaches the age of twenty-one years or becomes sooner married or self-supporting."

The defendant contends that by this order he was directed to pay the minor son's hospital and doctor bills which were incurred during the period when the original decree was in effect. It is argued that, since he was required to pay only $40 per month during that period, the order constitutes a retroactive modification of the original decree and the granting of such a modification is beyond the trial court's jurisdiction.

■ The plaintiff does not question the rule, followed by this court, that a modification of a divorce decree which directs payments for child care or alimony may not operate retroactively. *Pishue v. Pishue,* 32 Wn. (2d) 750, 203 P. (2d) 1070 (1949); *Sanges v. Sanges,* 44 Wn. (2d) 35, 265

P. (2d) 278 (1953); *Koon v. Koon,* 50 Wn. (2d) 577, 313 P. (2d) 369 (1957); *Karminski v. Karminski,* 260 App. Div. 491, 23 N. Y. S. (2d) 141 (1940).

It is the plaintiff's contention, however, that the order of the trial court operates prospectively in that the court relieved the defendant of further responsibility for the support of the minor son upon the condition that the defendant first pay the hospital and doctor expenses due and owing as a result of his son's injuries from the automobile accident.

We agree with the plaintiff that the order does not compel the defendant to pay the hospital and doctor expenses; however, the necessary implication is that in the event the expenses are not paid by the defendant, he will still be responsible for his son's future support.

The question of the propriety of such an order must be considered in the light of the defendant's further contention that he is relieved of responsibility for his son's support because of the trial court's finding that the son is emancipated and not dependent upon his parents for support. The rule is well established in this state that the court's jurisdiction to enforce support-money orders is predicated upon the continued dependency of the child or children in question. *Ditmar v. Ditmar,* 48 Wn. (2d) 373, 293 P. (2d) 759 (1956); *Van Tinker v. Van Tinker,* 38 Wn. (2d) 390, 229 P. (2d) 333 (1951).

On the basis of the trial court's finding of emancipation, therefore, we must conclude that it exceeded its jurisdiction in fixing the payment of the son's hospital and doctor expenses as a condition to being relieved from the responsibility of future support. The defendant's responsibility for future support, in effect, was terminated by the entry of the finding of emancipation. It also necessarily follows, from the conclusion that the defendant is relieved from *future* liability for his son's support, that the expenses incurred from hospital and doctor care, the payment of which was fixed as a condition in the order, must relate to the period prior to the entry of the order. Such a condition in the order invades the period when his liability

for child support was limited to $40 per month. This constitutes a retroactive modification of the original divorce decree.

Whether we view the trial court's order as it is construed by the defendant or as it is construed by the plaintiff, the grant of the modification relative to the payment of the hospital and doctor expenses exceeded the trial court's jurisdiction.

No assignment of error was directed to paragraph No. 2 of the decree from which this appeal arises. Therefore, it is not before us for review. That part of the decree relative to the payment of the hospital and doctor expenses of the minor son is reversed and the decree otherwise is affirmed.

The cause is remanded with directions that the decree be modified consistent with the views expressed in this opinion. The parties will bear their own costs on this appeal.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.