[No. 2792.  Decided January 31, 1898.]

LOUEZA GIBSON, *Respondent*, v. B. O. GIBSON, *Appellant.*

SUPPORT OF MINOR CHILD — ACTION BY DIVORCED WIFE — DECREE AWARDING CUSTODY OF CHILD — HARMLESS ERROR.

A divorced wife may maintain an action against her former husband for the maintenance of their minor child, whose custody had been awarded to her by the decree of divorce, when it appears there was a finding in the action for divorce that neither party had any property, and the decree made no provision concerning alimony nor the maintenance of the child.

Where a divorced couple subsequently unite and live together as man and wife, and the wife applies a second time for divorce under the impression that they are legally remarried, the order of the court awarding her the custody of their child is not prejudicial when it is the same award as made in the original divorce proceeding.

Appeal from Superior Court, Lincoln County.—Hon. C. H. NEAL, Judge.  Affirmed.

*Myers & Warren*, for appellant.

*Davies & Holcomb*, and *Caton, Martin & McComb*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The respondent, Loueza Gibson, and the appellant, B. O. Gibson, were lawfully married in the year 1886 and they have one child, the fruit of said marriage, Bessie O. Gibson, now eleven years of age. On the 16th day of March, 1891, the respondent began an action in the superior court of Garfield county against the appellant for divorce, and the care, custody and control of their child, Bessie O. Gibson. On the 15th day of the June following the superior court of Garfield county rendered a decree in said cause in which the plaintiff, Loueza Gibson, was awarded a divorce and the care, custody and guardianship of the child, Bessie Gibson. In 1893 a correspondence began between the parties and in February, 1896, the respondent came to Lincoln county to take up her residence with the defendant, and continued to live with him until shortly before the commencement of this action. This was an action brought by the respondent to obtain a decree of divorce from the appellant, for the care and custody of the child, and for general relief. The action was brought by the respondent on the supposition that she had been married a second time to the appellant. The petition also asked for the setting aside of some alleged fraudulent transfers by the appellant. The court found that the plaintiff and defendant were not husband and wife, that the transfers were not fraudulently made, that the defendant had treated plaintiff in a cruel, inhuman manner, that he had attempted to strike and kill her, that he had choked her until she was nearly unconscious, and that he had scratched her face; that since March 24, 1897, defendant had failed to provide plaintiff or her daughter Bessie with any provisions, fuel or clothing. The court also found that the defendant was not a proper person to have the care, custody and control of the said child, and that

plaintiff was a proper person to have the care, custody and control of said child Bessie, and that the defendant Gibson was the owner of a certain amount of property; and as conclusions of law found that defendant was entitled to a decree that the marriage relation did not exist between plaintiff and defendant, but that $150 was a reasonable allowance for the support of the child Bessie O. Gibson, and the defendant B. O. Gibson was amply able to pay such sum each year; and the judgment followed in accordance with the conclusions of law. From such judgment an appeal is brought to this court.

It is contended by the appellant that the court was without jurisdiction in this case to enter any judgment for alimony, that it was error in the court to make any findings as to the fitness of either party to have the care, custody and control of the child; and that having found there was no marriage, the court had no authority to award the custody of the child. So far as the last contention is concerned, while the court may not have had jurisdiction to make this award, it appears from the record that it was the same award that had been made by the court which tried the divorce case, and as the appellant relies upon this case as being *res judicata* of the whole matter in controversy, he is in nowise injured by the order of the court in this case, for it leaves the custody of the child where it was found.

It also appears from the record of the former trial that it was found by the court in that case that neither of the parties, Loueza Gibson or B. O. Gibson, had any property. The pertinent question and the one question that really affects appellant is the right of the court to enter a judgment against him for the support of the minor child, and the question resolves itself into this: Can a divorced wife bring an action against her former husband for mainten-

ance for a minor child whose custody has been awarded to her? The ordinary rules in relation to alimony, which are discussed largely by the attorneys in this case, do not apply in an action for the maintenance of a minor child. There do not seem to have been a great many adjudications on this particular question, and the courts have differed somewhat in their views, but we think that the weight of authority, as well as the better reasoning, sustains the view that this action for maintenance can be maintained, and any other demands in the petition can be treated simply as surplusage. The court in this case had jurisdiction of the subject matter. It also had jurisdiction of the parties. The maintenance of minor children is a subject that is especially relegated to courts of chancery, and while it was held in a case cited by the appellant, and which we think is the most pertinent case cited by him, viz.: *Husband v. Husband*, 67 Ind. 583 (33 Am. Rep. 107), that

"The awarding to the mother of the custody of her minor child, on decreeing to her a divorce from the father, deprives him of all right to the services of the child, and, consequently, frees him from all liability to the mother, for the care, support and maintenance of the child,"

still that was an action for debt. The mother, having supported the child for a given length of time, afterwards brought the action against the father for the amount expended. There did not exist, as in the case at bar, the actual necessity for the support of the child. However, we think that the case was not rightfully decided. It was decided on the principle that the right to the services of the children and the obligation to maintain them go together, and that if the assignment of the custody to the wife extends to depriving the father of his claim to their services, then he cannot be compelled to maintain them.

But this court has frequently sustained judgments where the custody of minor children has been awarded to the mother, and maintenance adjudged against the father, and so have the courts of nearly every state in the Union. And while there is no wrong in asserting the legal principle that the right to the services of the children and the obligation to maintain them go together ordinarily, yet the decision above cited loses sight of the fact that the right to their services has been forfeited by the father by reason of his proving himself recreant to the trust which the law and natural duty impose upon him. It violates our sense of justice to allow a father to plead his own wrong as an excuse for relieving himself from an obligation. Presumably the custody of the child is taken from him because he is not worthy of its care and custody, and this doctrine in effect releases from an obligation the unworthy parent and imposes an additional burden upon the worthy one. It seems, however, in this Indiana case, that an allowance had been made to the wife, and the court concluded that the reason that the court which had granted the decree did not render any judgment for the support of the child was on account of the allowance to the plaintiff of the sum of $1,500 by way of alimony. The court says:

" The action for divorce was one in which the plaintiff might, if her case warranted it, and should, have obtained a provision for the support of the child; but, having taken her decree for divorce, and the custody of the child without any provision for its support, she took upon herself the burden of its support without such provision, and can not now maintain an action for such support."

It will thus be seen from the quotation that this reason would not apply in this case, for the findings of the court show that at the time the decree of divorce was granted neither of the parties had any property, consequently it would have been impossible for the respondent to have ob-

tained this right in that action, but under the findings of
the court the conditions and circumstances of the parties
have changed, and it is a well established rule of law,
and, we think, uncontradicted, that the maintenance of
children is a matter which the court can adjudicate at dif-
ferent times during the minority of the child.

Mr. Bishop in his work on Marriage, Divorce and Sepa-
ration, sec. 1223, in noticing this question, says:

" But it was his own wrong that deprived him of the cus-
tody.  And it is fundamental, equally in our law and in
natural reason, that no one can cast off an obligation by
refusing to keep it, or any duty by any evil doing.  There-
fore a better-reasoned case holds that the duty of support
' is not to be evaded by the husband's so conducting him-
self as to render it necessary to dissolve the bonds of
matrimony, and give to the mother the custody and care
of the infant offspring.  It is not the policy of the law
to deprive children of their rights on account of the dis-
sensions of their parents, to which they are not parties;
or to enable the father to convert his own misconduct into
a shield against parental liability.' "

And in *Pretzinger v. Pretzinger*, 45 Ohio St. 452 (4
Am. St. Rep. 542, 15 N. E. 471), it was held that

" The obligation of the father to provide reasonably for
the support of his minor child, until the latter is in a con-
dition to provide for his own support, is not impaired by
a decree which divorces the wife *a vinculo*, on account of
the husband's misconduct, gives to her the custody, care
and nurture of the child, and allows her a sum of money
as alimony, but with no provision for the child's support.

" The mother may recover a reasonable compensation
from the father, for necessaries furnished by her to the
child after such decree, and may maintain an original ac-
tion for such compensation against the father, in a court
other than that in which the divorce was granted."

It will be seen that this case squarely sustains the judg-
ment for maintenance in the case at bar.  In fact, the case

at bar is stronger than the case cited, for in the latter the wife had been allowed a sum of money as alimony, but in this case no alimony has been awarded.

In *Courtright v. Courtright*, 40 Mich. 633, which was an action brought for divorce, it was held that

" The parental duty of giving personal care and protection to children is distinct from the duty to support them;"

and that

" A father is under legal obligation to provide for the support of his children, even if they remain with their mother after her divorce; and as against the public and the children he cannot escape the duty."

The judgment will be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.