[No. 14981. Department One. December 4, 1918.]

MARY HILLEWARE, *Respondent*, v. RENE HILLEWARE, *Appellant*.[1]

DIVORCE (50, 83)—COLLATERAL ATTACK—SUPPORT OF CHILD. Where a decree of divorce did not provide for the maintenance of a child awarded to the mother, and she waged a separate action to recover therefor, a defense therein that the original decree did not properly express the conclusion of the court, asking modification thereof, is a collateral attack upon that decree and cannot be entertained.

Appeal from a judgment of the superior court for King county, Davidson, J., entered January 15, 1918, upon findings in favor of the plaintiff, in an action by a divorced wife to recover the cost of support of a child and for future maintenance, tried to the court. Affirmed.

*Walter B. Allen,* for appellant.

*Griffin & Griffin,* for respondent.

[1]Reported in 176 Pac. 330.

MACKINTOSH, J.—In 1915, the plaintiff in this action obtained a decree of divorce from the defendant, which decree awarded her certain property and the custody of their daughter, a child then of the age of fifteen years, the decree being silent as to any provision made for the maintenance of the child. The decree of divorce was appealed from by the defendant, and the judgment of the lower court was affirmed by this court. This action was commenced by the plaintiff, who has, since the decree of divorce, borne the expense of the support of the child, asking a judgment in a sum sufficient to cover one-half of the expenses of such support during the minority of the child.

It is contended by the defendant that, through inadvertence and mistake, the decree in the original divorce action did not express the true decision arrived at by the trial court, and that it was intended that the property awarded to the plaintiff in that action should be used by her in supporting the child, and that the decree should have so provided. This matter was plead as the first affirmative defense. The second affirmative defense was that the matter of the support of the child was *res judicata,* having been a matter involved in a prior suit.

We have held in *Gibson v. Gibson,* 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587; *Ditmar v. Ditmar,* 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817; *Hector v. Hector,* 51 Wash. 434, 99 Pac. 13, that, where the decree of divorce does not provide for the maintenance of a child, a separate action can be waged by the mother to whom the custody of such child had been granted, for the purpose of recovering from the father his share of the expense of the maintenance of the minor during its minority. The defendant, recognizing this rule by the affirmative defense interposed by him in this action, attempts to escape its operation by offering to show that

the decree in the original divorce action did not properly express the conclusion of the court, and attempts to have that decree changed in this suit. This effort to reform the original decree is a collateral attack upon that decree; *Peyton v. Peyton*, 28 Wash. 278, 68 Pac. 757; *Hicks v. Hicks*, 69 Wash. 627, 125 Pac. 945; *Bayer v. Bayer*, 83 Wash. 430, 145 Pac. 433, and cannot succeed. The defendant's remedy, if the decree did not speak the truth, was to have made a direct attack upon it in the action in the court where it was entered. He cannot now be heard to attack it in this manner in this action.

The judgment of the lower court will be affirmed.

MAIN, C. J., CHADWICK, MITCHELL, and TOLMAN, JJ., concur.