[No. 28190. Department One. October 29, 1940.]

THE STATE OF WASHINGTON, *on the Relation of G. H. Ranken, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Chester A. Batchelor, Judge, Respondent.*[1]

[1]Reported in 106 P. (2d) 1082.

*Henry, Henry & Pierce,* for relator.
*Philip R. McIntosh,* for respondent.

STEINERT, J.—Relator seeks a writ of prohibition to restrain the respondent, judge of the superior court in and for King county, in this state, from proceeding further in a certain matter pending in that court.

On November 18, 1936, an interlocutory order was entered by the superior court for King county, in cause No. 280571, awarding to relator, plaintiff in that action, an interlocutory decree of divorce from Margaret Ranken, defendant therein. The final decree of divorce was entered on May 28, 1937. At, and during, the time of those proceedings, relator's wife was residing in California, and two of the three children of the parties, all minors, were with her. The third child resided with relator in Washington. Service of process in the divorce action had been made upon the wife by

publication, and an order of default had been taken against her. Both the interlocutory order and the final decree of divorce were silent as to the custody, support, and education of any of the children.

Recently, relator's former wife, together with the two minor children whom she had with her, returned to this state. Relator thereupon instituted in the superior court for King county an independent action, designated as cause No. 76013, to have himself appointed as guardian of the two minor children who had recently returned from California, and to have his right to their custody adjudicated. On July 23, 1940, while the guardianship action was pending, the former wife, mother of the children, filed in the original divorce proceeding a motion, an affidavit, and a petition asking for modification of the divorce decree to the extent that she be granted the exclusive custody of all three children, subject to the regulation of the court with reference to the one child then in the custody of relator, and that relator be required to pay a fixed amount for the support and education of the two minor children then in her custody, to pay her a lump sum as contribution toward the expenditures made by her for the support and maintenance of the two children during the last several years, and also to pay her a specified sum for her attorney's fees in the proceeding instituted by her. Upon the filing of that petition, an order was issued directing relator to show cause why the decree of divorce should not be modified as requested, and why relator should not pay the petitioner a temporary attorney's fee.

Relator made a special appearance and moved to quash the service of the show cause order upon the grounds that neither the interlocutory order nor the final decree of divorce had made any mention of, or provision for, the care, custody, or support of the

minor children, and that the only cause of action presented in the divorce proceeding had been fully and completely adjudicated; that therefore the petitioner's application for modification was not timely or proper because it did not comply with the provisions of the statute relating to the vacation of judgments or decrees obtained by default; that the matter of the custody of the children was then properly determinable in the guardianship action recently instituted by relator; that the matter of future support of the children, as well as the matter of contribution to petitioner for their past support, could, and should, be litigated in a separate proceeding, but that such relief could not be invoked through a petition filed in the original divorce action; and that, accordingly, the court had no jurisdiction of the matters presented by the petition.

Upon a hearing of the motion to quash, respondent judge denied relator's challenge to the jurisdiction of the court and ordered that a hearing be had upon the merits of the petition to modify the divorce decree. Relator thereupon applied to this court for a writ of prohibition to prevent such further proceedings by the superior court.

The question presented to us for decision is whether or not, under the facts above stated, the court had, or acquired, jurisdiction to entertain the petition for the modification of the original divorce decree, and thereafter in the original action to adjudicate not only the matter of custody and future support of the children, but also the matter of contribution to the divorced wife for her past support of two of the children. For the purpose of this discussion, we will treat the matter of custody and future support as one question, and will consider the matter of contribution for past support and the matter of attorney's fees as separate questions.

The Code of 1881, § 2006, as amended by Laws

of 1891, chapter 26, p. 43, § 4 (Rem. 1915 Code, § 988), provided:

"Pending the action for divorce the court or judge thereof may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof; . . ."

That statute contained no express provision for modification of divorce decrees. Nevertheless, during the time that the statute was in force, this court repeatedly held that, under its equitable powers, the court had continuing jurisdiction in divorce cases to modify the decree, *so long as there was a minor child, or children, whose maintenance and welfare was provided for in the decree. Poland v. Poland,* 63 Wash. 597, 116 Pac. 2; *Dyer v. Dyer,* 65 Wash. 535, 118 Pac. 634; *Ruge v. Ruge,* 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F, 721; *Delle v. Delle,* 112 Wash. 512, 192 Pac. 966, 193 Pac. 569.

In each of those cases, the petition to modify the decree and the order of modification were made and filed in the original divorce action. However, in all of those cases, except in the *Ruge* case, provision had been made in the original decree for the custody or support, or for both custody and support, of a minor child, or children. In the *Ruge* case, there was no minor child of the marriage.

It is to be noted that, in those decisions, this court did not go to the length of saying that the decree might be modified in all cases where there were minor children, regardless of whether or not they had been provided for in the original decree, but merely held that, so long as there was a minor child, or children, whose welfare and maintenance had been provided

for in the decree, the court had continuing jurisdiction to modify such decree. Relator now contends that those cases settled the law to the effect that the presence in the original decree of some provision for the maintenance and welfare of a minor child, or children, is an essential prerequisite to jurisdiction to modify the decree in those respects. We concede that there is much force in relator's argument. On the other hand, it should be pointed out that, in the cases above cited, the facts did not require the court to go any further than it did.

If our former cases on the subject, taken as a whole, particularly those to which reference has already been made, were our only guide to a pronouncement of a definite rule in such matters, we would be inclined to hold that, while the court, under its equity powers, has continuing jurisdiction in divorce cases to modify its decrees with respect to the custody and support of the minor children of the parties, the exercise of such power is nevertheless limited to those instances where the original decree had made some provision for custody or support, but that, where no such provision had been made, relief could be had only in an independent action. Those former cases, however, do not constitute our only guide to a determination of the rule applicable to the instant situation. In 1921 and 1933, amendments which bear directly on the issues before us were incorporated into the earlier divorce statute, quoted above. The statute now reads as follows:

"Pending the action for the divorce, the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a fair and impartial trial

thereof [to this point the statute follows the wording of Rem. 1915 Code, § 988, quoted above]; at the conclusion of the trial the court must make and file findings of fact and conclusions of law. If it determines that no divorce shall be granted final judgment must thereupon be entered accordingly. If, however, the court determines that either party, or both, is entitled to a divorce an interlocutory order must be entered accordingly, declaring that the party in whose favor the court decides is entitled to a decree of divorce as hereinafter provided; which order shall also make all necessary provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, *which order as to alimony and the care, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require;* such order, however, as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; but in no case shall such interlocutory order be considered or construed to have the effect of dissolving the marriage of the parties to the action, or of granting a divorce, until final judgment is entered: *Provided,* That the court shall, at all times, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice. Appeals may be taken from such interlocutory order within ninety days after its entry." (Italics ours.) Chapter 112, § 1, Laws of 1933, p. 432; Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507].

Section 2 of the act of 1921, chapter 109, Laws of 1921, p. 332, Rem. Rev. Stat., § 988, contained provisions which were practically identical with § 1 of the 1933 act, above quoted, except that the 1921 act did not contain the clause which we have above italicized. The 1921 act also, by the incorporation of four new sections, Rem. Rev. Stat., §§ 995-2 to 995-5 [P. C. §§ 7511-2 to 7511-5], set up a procedure to be followed in changing or modifying any final order, judgment, or decree in relation to the care, custody, or control, or support

and maintenance of a minor child, or children, of the marriage. One of those sections, Rem. Rev. Stat., § 995-3 [P. C. § 7511-3], provides:

"Upon the filing of a properly verified petition, to be entitled as in the original divorce action or proceedings, together with a certified copy of the order, judgment or decree sought to be changed or modified thereby, the superior court of the county in which said petition is filed shall have full and complete jurisdiction of the cause and shall thereupon order such notice of the hearing of said petition to be given as the court shall determine."

Construing that section, this court held, in *McClelland v. McClelland,* 163 Wash. 59, 299 Pac. 984, that the provision for filing a certified copy of the decree sought to be modified applied only in cases where proceedings for modification were brought in a county other than the one wherein the original decree of divorce had been obtained. The court said:

"But, manifestly, this [the statute] can have no application when the petition is filed *in the very court and action wherein the decree is rendered.* It is inconceivable that the legislature would contemplate the necessity of filing a certified copy of the decree *in the very court and action in which the decree was rendered* and already of original record therein. That is this case." (Italics ours.)

The same procedure had previously been followed and approved in *Lanctot v. Lanctot,* 125 Wash. 310, 216 Pac. 356.

Reverting to Rem. Rev. Stat. (Sup.), § 988, we analyze its content: (1) *Pending* the action for the divorce, the court *may* make and enforce such orders for the disposition of persons, property, and children as may be deemed right and proper, and such orders relative to the expenses of such action as will insure to the wife an efficient preparation of her case, and a

fair and impartial trial thereof; (2) at the conclusion of the trial, the court *must* make findings of fact and conclusions of law; (3) if either party is found to be entitled to a divorce, an interlocutory order *must* be entered accordingly; (4) such interlocutory order *shall* make all necessary provisions as to alimony, costs, care, custody, support, and education of the children, and as to custody, management, and division of property; (5) the order as to alimony, and the care, support, and education of children may be *modified, altered, and revised by the court from time to time as circumstances may require;* (6) the order, however, as to property rights shall be final and conclusive upon the parties, subject only to the right of appeal.

When Rem. Rev. Stat. (Sup.), § 988, as above quoted, is read in connection with Rem. Rev. Stat., § 995-3, also above quoted, and with our construction of the latter section, we think it is plain that the legislature, by these two acts, intended not only to confer upon the court in which an action for divorce is brought continuing jurisdiction in matters relating to custody and support of minor children, but also to provide a complete, yet simple, procedure for modifying, altering, and revising, at any time, all provisions relating to the custody and support of minor children as changing circumstances might require. If there be any ambiguity in the wording of Rem. Rev. Stat. (Sup.), § 988, relative to modification of such provisions, we resolve that ambiguity in favor of the power of the court to order the modification in a proceeding brought in the original action.

■ Although two of the minor children were absent from this state at the time that the interlocutory order and the final decree were entered, that fact does not militate against our present holding. It is true that domicile of minor children within the forum is a

prerequisite to jurisdiction to make any decree relative to their custody. *In re Groves,* 109 Wash. 112, 186 Pac. 300; 2 Beale, Conflict of Laws, 717, § 144.3. But, as we have repeatedly held, an action for divorce carries with it, as part of its subject matter, the question of custody and support of minor children of the marriage, and when such children come into the state, the court obtains jurisdiction of their persons. Thus, the court in this proceeding had complete jurisdiction of both the subject matter and the parties, to the extent thus far considered.

We take up, now, the second branch of the case.

■ In her petition, the former wife seeks to recover from relator contribution for her past support of two of the minor children. That a wife is entitled to such contribution, is well recognized in this state. *Gibson v. Gibson,* 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 587; *Ditmar v. Ditmar,* 27 Wash. 13, 67 Pac. 353, 91 Am. St. 817; *Hector v. Hector,* 51 Wash. 434, 99 Pac. 13; *Schoennauer v. Schoennauer,* 77 Wash. 132, 137 Pac. 325. Relief of that sort, however, must be sought in an independent action, because, in that situation, the divorced wife is not seeking support for the children, but seeks, rather, reimbursement to herself for past expenditures. That kind of proceeding is one in which the minors are not primarily concerned. It approximates, in form and effect, an ordinary law action for the recovery of money. In each of the four cases just cited, the relief was obtained in a suit brought subsequent to the original divorce action.

■ The divorced wife also seeks to recover both a temporary and a permanent attorney's fee. The question of attorney's fees in such proceedings was considered in *Hayton v. Hayton,* 122 Wash. 594, 211 Pac. 745. In that case, the divorced wife filed a petition asking for the change of custody of a minor child, and

thereafter made application for an order requiring her former husband to pay to her certain sums for costs and temporary attorney's fees. Construing Rem. Rev. Stat., § 988, this court held that such allowances could be made *pending the action for divorce* to "insure to the wife an efficient preparation of her case, and a fair and impartial trial thereof," but could not be granted in proceedings for modification of the decree. Rem. Rev. Stat., (Sup.), § 988, contains language identical with that upon which that opinion was based. Accordingly, we now hold that attorneys' fees are not allowable in proceedings wherein it is sought to have a decree of divorce modified with respect to the custody or support of minor children of the marriage.

Upon the views as herein expressed, the petition for a writ of prohibition will be denied.

BLAKE, C. J., MAIN, ROBINSON, and DRIVER, JJ., concur.

