[No. 563-3.    Division Three.    November 13, 1972.]

CAROL PENN, *Respondent*, v. DEPRE MORGAN, *Appellant.*

*C. E. Hormel,* for appellant.

*Ray L. Greenwood,* for respondent.

GREEN, J.—The question to be determined in this appeal upon stipulated facts is:

Where a divorce decree awards a minor child to the mother and directs the father to pay a monthly sum for its support, is the mother entitled to contribution from the father for medical and funeral expenses upon the minor child's death?

The trial court answered this question in the affirmative and entered judgment against the defendant father.

Plaintiff and defendant were divorced on February 28, 1964. The divorce decree contained the following provision:

IT IS FURTHER ORDERED that the Plaintiff is awarded the care, custody and control of the two minor children of the parties, to-wit: Michael D. Morgan, born September 1, 1950, and Jennie Ann Morgan, born July 17, 1955, subject to reasonable rights of visitation in the Defendant, Depre G. Morgan.

IT IS FURTHER ORDERED that the Defendant, Depre G. Morgan, shall pay the sum of One Hundred Twenty Five and 00/100 ($125.00) Dollars per month for the support of the said minor children, Michael D. Morgan and Jennie Ann Morgan, until either of the said children are married, become permanently self-supporting, reach the age of twenty-one (21) years or are deceased, and thereafter the remaining child shall receive the sum of Seventy-five ($75.00) Dollars per month until he or she shall become married, permanently self-supporting, reach the age of twenty-one (21) years or is deceased. Said payments to commence on the 10th day of February, 1964, and thereafter to continue on the 1st day of each and every month. Said payments to be through the office of the Grant County Clerk, Grant County Court House, Ephrata, Washington.

On September 19, 1968, Michael D. Morgan died.

At the time of his death, the child was unemancipated and dependent upon the plaintiff and defendant for care, custody and support. The net medical expenses, not covered by insurance, were $351.70; funeral expenses were $990.74. Plaintiff commenced this action to require the defendant to contribute "one-half of the final medical expenses, funeral

expenses and other expenses relating to the death" and was awarded the full amount.

First, defendant contends the extent of his obligation is limited to the support provided for in the decree of divorce; therefore, contribution should have been denied. We agree with this contention insofar as the medical expenses are concerned.

In *Wilburn v. Wilburn*, 59 Wn.2d 799, 801-03, 370 P.2d 968 (1962), a mother was awarded custody of a minor child and monthly support was directed to be paid by the father until the child attained the age of 21 years, became self-supporting, married or died—a provision almost identical to the one in the instant case. In that case a minor son was injured in an automobile accident, resulting in hospital and doctor bills. At the time of hearing, the trial court held that the son was emancipated and relieved the father from further support payments upon the condition he pay the hospital and doctor bills arising from the accident. In reversing this decision, the court said:

> The plaintiff does not question the rule, followed by this court, that a modification of a divorce decree which directs payments for child care or alimony may not operate retroactively. *Pishue v. Pishue*, 32 Wn. (2d) 750, 203 P. (2d) 1070 (1949); *Sanges v. Sanges*, 44 Wn. (2d) 35, 265 P. (2d) 278 (1953); *Koon v. Koon*, 50 Wn. (2d) 577, 313 P. (2d) 369 (1957); *Karminski v. Karminski*, 260 App. Div. 491, 23 N.Y.S. (2d) 141 (1940).
>
> . . .
>
> On the basis of the trial court's finding of emancipation, therefore, we must conclude that it exceeded its jurisdiction in fixing the payment of the son's hospital and doctor expenses as a condition to being relieved from the responsibility of future support. The defendant's responsibility for future support, in effect, was terminated by the entry of the finding of emancipation. It also necessarily follows, from the conclusion that the defendant is relieved from *future* liability for his son's support, that the expenses incurred from hospital and doctor care, the payment of which was fixed as a condition in the order, must relate to the period prior to the entry of the order. Such a condition in the order invades the

period when his liability for child support was limited to $40 per month. This constitutes a retroactive modification of the original divorce decree.

In like manner, the trial court's decision in the instant case insofar as it awards contribution for medical expenses constituted a retroactive modification of the divorce decree and was in error. That portion of the judgment is reversed.

■ Contribution with respect to funeral expenses presents a different question. The support provisions in the divorce decree terminated on the death of the child; whereas, the obligation for funeral expenses arose by reason of the death. This obligation was not covered by the decree, nor does the record show the parties contemplated this circumstance. In the absence of a provision in a divorce decree, the obligation for providing necessities for the children is equal. RCW 26.16.205. Thus, in *Scott v. Holcomb*, 49 Wn.2d 387, 389, 301 P.2d 1068 (1956), the court said:

> We have repeatedly held that, unless otherwise provided in the divorce decree, a mother who has had the custody of her minor children may recover from their father no more than one half of the amount that she has expended in maintaining them.

In the instant case, consistent with *Scott v. Holcomb, supra*, plaintiff sought judgment for only one-half of the expenses. Consequently, the trial court erred in awarding judgment for the full amount.

Judgment is reversed and remanded for entry of judgment against the defendant for one-half of the funeral expenses incurred by reason of the death of Michael D. Morgan. Plaintiff is awarded costs.

MUNSON, C. J., and EDGERTON, J., concur.