[No. 1071-2.    Division Two.    June 18, 1974.]

JACQUELINE E. HUGHES, *Respondent*, v. LORNE F. HUGHES, *Appellant.*

M. H. Hemmen (of Hemmen & Cohoe), for appellant.

*Paul Hoffman, Jr.* (of *McCormick, Hoffman, Rees & Arnold*), for respondent.

ARMSTRONG, J.—Lorne F. Hughes appeals from the denial of his claim against his ex-wife seeking to recover contribution for sums expended by him in support of the minor children of the parties while the children were living in the father's custody pursuant to a divorce decree. We affirm the trial court's ruling that the father in this case is not entitled to contribution from the mother for past child support.

Lorne F. Hughes and Jacqueline E. Hughes were divorced on November 3, 1967. Both parties, through their

pleadings in the divorce action, requested custody of the three minor children of the marriage, and included in their pleadings a request for child support. At the time of the divorce the children ranged in age from 14 to 19 years.

Both spouses agreed prior to trial of the divorce action that custody of the children was to be awarded to the husband. The major issues actually argued at trial concerned the disposition of the marital property. The final divorce decree provided in relevant part that "care, custody and control" of the children be awarded to the husband. The decree provided further that the husband was entitled to possession of a residence located in the Lakewood area of Tacoma, Washington, until the youngest child reached 21 years of age. It is apparent that the provision granting the father temporary possession of the residence, rather than permanently disposing of the property at the time of the divorce, was for the benefit of the children during their minority. Upon the sale of the residence the wife was to receive a minimum of $9,000, or 60 percent of the proceeds from the sale of the residence. If at any time the residence was rented, the husband was required to pay the wife the sum of $50 per month. The final divorce decree made no other express provisions for the custody and support of the minor children.

In September of 1968, after slightly less than 1 year from the divorce decree, the mother petitioned for modification of the decree to obtain custody of the younger daughter, and requested support for the child. The father answered, opposing the mother's petition, and included a counterclaim requesting that the decree be modified to require the mother to pay child support to him. By stipulation both these affirmative claims were dismissed without prejudice.

The instant controversy arose in September of 1972, almost 5 years subsequent to the divorce decree, when the wife petitioned the Superior Court to enforce the provision regarding the residence in Lakewood. The trial court entered judgment in favor of the wife in the amount of $12,311.40, to be paid in 30 days; if the judgment were not

paid within 30 days, the wife was to receive the greater of $9,000 or 60 percent of the proceeds of the sale of the residence. There is no appeal from this part of the judgment. The husband, however, appeals from the trial court's denial of his counterclaim for a setoff of $4,400, allegedly representing 50 percent of sums expended by him in support of the minor children while in his custody.

■ The law which we have determined to be applicable here is that in this state both the father and mother of minor children are responsible for the support of the children, and that this coequal obligation remains upon both parents after a divorce, unless the divorce court, in the exercise of its discretion in providing for the support of the children and in making a just and equitable disposition of the property of the parties, determines that some other share should be imposed on either the father or mother. If the joint support obligation is not changed by the divorce court, a parent who has had custody of minor children may later recover contribution for not more than one-half of the amount expended in maintaining them. However, where the trial court properly exercises its broad discretion, and imposes a support obligation of more or less than one-half upon one of the parents, as we find the court did in this case, the parties are bound by that determination, absent a change of circumstances that would justify a modification of the divorce decree.

The origin in this state of the rule of law applicable here can be traced to a pair of early opinions in which the court simply rejected the notion that an award of custody to the mother frees the father from all liability for the support of the child on the ground that the award of custody to the mother deprives the father of all right to the services of the child. *Gibson v. Gibson*, 18 Wash. 489, 51 P. 1041 (1898); *Ditmar v. Ditmar*, 27 Wash. 13, 67 P. 353 (1901). In both cases the holding of the court was that a divorced mother with custody of minor children may maintain an action against the father for the maintenance of the children.

It was largely upon the holdings in these two cases that the court based its opinion in the cornerstone case in this area, *Hector v. Hector*, 51 Wash. 434, 99 P. 13 (1909). There the wife was granted a divorce from the husband pursuant to a decree awarding her custody of a minor child, but making no provision for its support and maintenance during its minority. Approximately 10 months after the decree, the wife commenced an action and obtained judgment against the father for the entire amount of sums expended by her in support of the child up to the date of the action, plus a further sum per month for future support.

The action evoked the court's strong disfavor, for the obvious reason that claims of this nature should be determined in the divorce action. The court stated in *Hector* at pages 440-41:

> The practice of litigating questions of this kind by piecemeal cannot be too strongly condemned. Here the parties settled their property rights, and in all probability the issues in the divorce action, and a decree was entered making no provisions whatever for the support or maintenance of the minor child. Almost immediately the wife begins to assert claims against the husband which should have been determined and adjusted in the divorce action. Such a practice is neither in the interest of the parties nor in the interest of society at large.

Nevertheless, the court upheld the right of the wife to recover contribution for child support expenses previously incurred, but remanded with directions to ascertain the sums expended to maintain the child and to enter judgment for *one-half* thereof. The judgment was to be one-half of the expenses incurred because of the court's holding that a parent's child support obligation is the same after divorce as before, unless the divorce decree provides otherwise, and that

> [T]he obligation of the father and mother in this state in relation to the maintenance and support of their minor children is joint and several, and not primary and secondary as at common law. And when the mother supports and maintains the children she is but performing an obligation which the law imposes jointly upon her and

the father, and we know of no principle of law that would permit her to recover the entire expense of such maintenance and support from her joint obligor.

*Hector v. Hector, supra* at 439. This holding involved a rejection of the common-law rule followed in some other jurisdictions that the husband is primarily liable for the support of his minor child, and adoption of the rule that the duty of support rests equally upon both parents. The holding was predicated entirely upon the enactment by the legislature of what is now RCW 26.16.205, which then provided:

The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.

Bal. Code § 450 (P.C. § 3874); Rem. Rev. Stat. § 6906; RCW 26.20.010.

The next significant case concerning the development of the rule of law we deem applicable here was *Hilleware v. Hilleware*, 104 Wash. 361, 176 P. 330 (1918). In that case the wife obtained a decree of divorce which was silent as to the question of child support. Subsequent to an affirmance of the decree following an appeal by the husband, the wife received a judgment for one-half of the expenses of supporting a child during its minority while in the mother's custody. In a second appeal the court affirmed the rule that absent a provision for support in the divorce decree the parent with custody may wage a separate action for contribution. The court rejected the claims of the husband that the decree did not express the true intention of the trial court that property awarded in the decree to the wife be used for support, and alternatively, that the question of contribution was res judicata as having been litigated in the prior action. *Hilleware v. Hilleware, supra* at 362.

The question of child support where there is no provision in the divorce decree again arises in *State ex rel. Ranken v. Superior Court*, 6 Wn.2d 90, 106 P.2d 1082 (1940). There the court resolved two major issues. The court first held

that whether or not there is a provision in the original divorce decree for the maintenance and welfare of a minor child, the divorce court retains continuing subject matter jurisdiction over the question of custody and support of *minor children* of the marriage. Secondly, the court noted that the principle of contribution was well recognized, but further pointed out at page 99:

> Relief of that sort, however, must be sought in an independent action, because, in that situation, the divorced wife is not seeking support for the children, but seeks, rather, reimbursement to herself for past expenditures. That kind of proceeding is one in which the minors are not primarily concerned. It approximates, in form and effect, an ordinary law action for the recovery of money.

Although the rights and responsibilities of both parents were expressly held to be equal, and no distinction was made between the right of the father and the right of the mother to obtain contribution, the only case in this state in which the father successfully claimed contribution is *Scott v. Holcomb*, 49 Wn.2d 387, 301 P.2d 1068 (1956).

In that case the wife obtained a New York divorce upon substituted service in 1940. The four oldest children of the parties resided with and were supported by the husband until they reached majority or became self-supporting. The youngest daughter resided with the mother in New York. In 1949, while the husband was temporarily in New York attending the funeral of a son killed while in military service overseas, the father was personally served in an action commenced by the wife to recover an amount she allegedly spent in support of the youngest daughter. The husband defaulted, and the wife subsequently brought suit on the judgment in Kitsap County. The wife received nothing, however, as the judgment of the trial court in Kitsap County, offsetting against her judgment one-half of the amount the husband spent in supporting the four oldest children, was affirmed by the Supreme Court. Because of the significance of the opinion of the court in this case, the holding is set forth verbatim as follows:

To hold that a father who has maintained and supported his children is not entitled to recover contribution from their mother would produce an anomalous situation in the law. Under our statutes, as interpreted in the cited cases, a mother would be required to contribute financially to the support of her children if she had them in her custody and, consequently, had the added responsibility of their care and supervision, but would be relieved of all duties if the father had custody of them. On the other hand, the father would be liable for only half of the children's support when they were in the custody of their mother, but would be responsible for their entire support, as well as their care and supervision, when they were in his custody. Such an inequitable result could not reasonably have been intended by the legislature; and there is nothing in the language of the statute which compels us to conclude, or which even suggests, that this was the legislative intent. Moreover, under RCW (Sup. 1955) 26.20.030, either parent may be punished in a criminal action for desertion of, or for failure to support, his or her dependent children. *Consequently, we hold that, where there is no provision in the divorce decree for support, the rights and responsibilities of the parents being equal, a father may recover contribution for the support of his minor children when he has had them in his custody while living separate and apart from their mother.*

(Italics ours.) *Scott v. Holcomb, supra* at 392.

Although the *Holcomb* case is the only case in which a father received contribution from a mother for past support, in *Hinson v. Hinson*, 1 Wn. App. 348, 461 P.2d 560 (1969), the court commented upon the *Holcomb* case, apparently by way of analogy, and noted at page 351:

If a father is entitled to recover contribution from a mother for past support, there can be no justification for denying contribution for current and future support.

The court held that although there was no provision for support in the default decree of divorce obtained by the husband, the husband was entitled in a later action to recover child support from the mother, and further, that the community property of the marriage between the

mother and her new husband was subject to the child support obligation.

The most recent decision discussing the equal obligation upon parents to provide necessities for their children is *Penn v. Morgan,* 7 Wn. App. 794, 502 P.2d 1238 (1972). There the court held that the child support provisions in a divorce decree terminated upon the death of the child, but that since there was no provision in the divorce decree, an equal obligation for providing necessary funeral expenses arose by reason of the death. The wife was therefore entitled to contribution for one-half of the funeral expenses she incurred.

A review of the cases discussed above clearly discloses that in this state, the birth of a child gives rise to certain rights and responsibilities, including the obligation imposed by law to provide for the maintenance and welfare of the child. There can be no doubt that during the marriage these rights and responsibilities are shared equally between the parents. However, when the parents become divorced, the divorce court possesses wide discretion in determining child custody and support and in making an equitable disposition of the property of the parties. The court may, under appropriate circumstances, impose the entire child support obligation on either the father or the mother. It is only when the divorce decree does not alter the equal obligation to support minor children imposed by law upon the parents, or otherwise provide for child support, that the equal obligation which obtains during the marriage of the parents is held to continue unchanged after their divorce, subjecting the property of both the husband and wife to joint and several liability for the expenses of the family and the education of the children.

We are of the opinion that the divorce decree in this case, although perhaps not as explicit as desirable, clearly operated to impose the entire obligation to support the minor children upon the father. The record reflects that prior to trial the parties agreed that the father was to have custody, and the parties did not argue any issues regarding the

children before the trial court. After the issues concerning property disposition were argued, the court entered many findings of fact and conclusions of law which related primarily to property disposition. However, the pleadings of both parties had requested custody and child support, and the findings, conclusions of law and divorce decree entered by the trial court did provide for the custody and support of the children by awarding the children to the father and allowing the father possession of the Lakewood residence for the benefit of the children until the youngest, child reached 21 years of age. As part of the trial court's just and equitable property disposition, the court awarded the wife a 60 percent interest in the Lakewood residence, and more significantly, guaranteed the wife at least $9,000 upon the sale of the home. From this latter provision it is apparent that the trial court attempted to establish a fixed, definite, and minimum share of the marital property to which the wife was entitled following the divorce. This negates any possible inference that the trial court contemplated any potential subsequent liability for child support. Under the circumstances in this case we hold that it was implicit in the divorce decree that the entire obligation to support the children rested upon the father, and that both parties so understood at the time of the divorce.

Now that the children have all reached majority or married, the father cannot claim that he is entitled to any remuneration towards their support. This is not, as was argued on behalf of the mother, because the right to contribution terminates when the children reach majority. In the leading case of *Scott v. Holcomb, supra,* where the divorce decree was silent as to support, the children had all attained majority when the father's right to contribution was upheld. However, the father in this case is simply not entitled to contribution because the divorce decree determined the question of the children's support and maintenance. If subsequent to the decree the father wanted to request that the mother bear a portion of the monthly support obligation, his remedy was to petition the court to modify the

divorce decree. At this point such a petition would clearly not be timely, because once the children reach majority, the divorce court has no jurisdiction to affect the rights of the parties regarding child support, and a petition to modify the divorce decree in that respect would properly be dismissed. *Mallen v. Mallen,* 4 Wn. App. 185, 187, 480 P.2d 219 (1971). Absent a modification of the decree in the interest of the children, based upon a showing of changed circumstances, provisions in the divorce decree are res judicata upon the issue of the custody, support and education of the minor children of the marriage. *See Brim v. Struthers,* 44 Wn.2d 833, 835, 271 P.2d 441 (1954); RCW 26.08.110.

Since the issue of support was, in fact, finally determined by the divorce decree, and the trial court correctly concluded that the doctrine of res judicata barred the present action, we need not consider in detail the other challenged conclusions of the trial court that waiver or estoppel support dismissal of the father's counterclaim for contribution. However, the bar in general should be cognizant of the fact the technical requirements of waiver or estoppel present substantial proof problems where a divorce decree is totally silent on the issue of child support. *See Kessinger v. Anderson,* 31 Wn.2d 157, 196 P.2d 289 (1949); *Bowman v. Webster,* 44 Wn.2d 667, 269 P.2d 960 (1954).

Similarly, the doctrine of laches would require a showing of a changed position or special circumstances rendering an award of contribution inequitable because of resultant injury, prejudice or disadvantage. A dissatisfaction with delay and lapse of time alone would be insufficient to invoke the equitable doctrine of laches. *LaVergne v. Boysen,* 82 Wn.2d 718, 513 P.2d 547 (1973); *Amende v. Pierce County,* 70 Wn.2d 391, 423 P.2d 634 (1967).

Furthermore, where a divorce decree is totally silent on the issue of support, there is authority that res judicata may not be allowed as a defense to a subsequent claim for one-half of the expenses of raising a minor child. *Hilleware v. Hilleware, supra.* The apparent rationale for this holding is found in *State ex rel. Ranken v. Superior Court, supra,*

where the court indicated that such a claim for contribution is a separate and distinct action from one seeking merely to modify the terms of the decree. Since we have determined that the issue of support in this case was in fact determined by the divorce decree, we need not express an opinion on the efficacy of that holding.

We cannot help but observe that because of the obvious potential for inequitable claims brought long after the divorce decree, it cannot be too strongly urged that every decree of divorce should contain an express provision for the *custody, support and education* of the minor children of a marriage. RCW 26.08.110 specifically so provides:

> In all cases where the court shall grant a divorce or annulment, . . . [The court] shall make provision for costs, and for the custody, support and education of the minor children of such marriage.

The problem before us in this case, caused because the divorce decree was not sufficiently explicit as to the question of child support, was recognized by Professor Luvern Rieke in a scholarly law review article entitled, *The Divorce Act of 1949-One Decade Later,* 35 Wash. L. Rev. 16 (1960). He stated at page 44:

> Failure of the divorce court to enter an order concerning support, or its inability to do so for lack of *in personam* jurisdiction, not only leaves the parties jointly and separately liable to third persons who furnish support but also leaves open the question of *inter sese* contribution. Normally an order is entered by the trial court and appeals take the form of disputes about fairness, need, ability, and abuse of discretion. A reading of the opinions handed down during the past decade strongly suggests that not enough care is being exercised in drafting agreements for clients and proposed orders for the court.

(Footnotes omitted.) It is only in the absence of a provision for support in the divorce decree that any problems inherent in the right of contribution announced in the *Hector* and *Holcomb* cases arise. We therefore strongly suggest that it is by carefully and expressly delineating in the divorce decree the post-divorce arrangements for the maintenance

of any children of the marriage, that the operation of the *Hector* and *Holcomb* rule may be avoided.

We summarize by noting that in the case at bench it is clear that the court did consider the support of the children when it entered the now final divorce decree. The issue of child support was raised by the pleadings of both parties to the divorce, and the father, who received custody of the children, was awarded temporary possession of a residence for the obvious benefit of the children during their minority. Rather than impose a portion of the support obligation upon the mother, the court instead, through the decree, sought to guarantee her at least $9,000 upon the sale of the residence as part of her just share of the marital property. The judgment of the trial court denying the father's counterclaim against the now remarried mother for contribution, which was commenced nearly 5 years after the divorce decree and after the children had all reached majority or become emancipated, is therefore affirmed.

PEARSON, C.J., and PETRIE, J., concur.