[No. 2372–2. Division Two. March 1, 1978.]

JAMES A. HENRY, *Appellant*, v. KAREN J. RUSSELL, ET AL, *Respondents.*

*Malcolm L. Edwards, Charles K. Wiggins,* and *Edwards, Wetherall & Barbieri,* for appellant.

*Faith Enyeart,* for respondents.

SOULE, J.—This is an action seeking equitable contribution for past expenses incurred in supporting children of the parties. The trial court dismissed the complaint and we affirm.

The original divorce was granted in King County on May 30, 1972, after a contested trial in which the defendant wife had sought custody of the two children together with support money for them. In his petition for divorce the husband sought custody but did not ask for child support from the wife. In the decree, joint legal custody was awarded but physical custody was awarded to the husband. The decree was silent on the subject of the support obligation of the defendant wife.

One year later the wife sought custody in a modification proceeding. The husband contested the application but did not himself at that time seek support and he was allowed to retain custody.

This action was filed in Thurston County in 1975. In his memorandum opinion, the trial judge said:

> In an appropriate case and under appropriate circumstances contribution may be ordered by the Court. In the opinion of this Court this is not such a case. . . .
>
> To permit recovery in this case under the facts stated would offend this Court's sense of justice. . . .

The court then proceeded to dismiss the action on the basis of res judicata and waiver.

The court's dismissal of the action on the ground of res judicata finds strong support in *Hughes v. Hughes,* 11 Wn. App. 454, 524 P.2d 472 (1974), wherein it was held that on the facts it was implicit that the trial court's decree provided for the support of the children to be paid entirely by the custodial father in view of the method of property distribution. The *Hughes* case is distinguishable only in that the father had affirmatively asked for child support from the mother, thus presenting his claim squarely to the court. In the case before us, the father did not ask at any time for child support from the mother. Were it not for this difference, we would hold the *Hughes* case to be controlling, and would decree that the defense of res judicata is clearly established.

However, because of this difference, we choose to resolve the problem in another way. The issue as we see it is to decide if there was a waiver, and if not, is the plaintiff nevertheless barred by his own conduct from seeking equitable relief?

RCW 26.16.205 provides in part:

> The expenses of the family and the education of the children, including stepchildren, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately: . . .

Under this statute and its predecessors, it has been recognized in numerous cases that when a decree of divorce is silent as to the duty to support, the noncustodial parent *may* be held liable under the principle of equitable contribution for a just proportion of the past support up to one-half of the amount expended by the custodial parent for the reasonable and necessary expenses paid on behalf of the child. The cases variously expressing this rule of law are *Scott v. Holcomb*, 49 Wn.2d 387, 301 P.2d 1068 (1956); *State ex rel. Ranken v. Superior Court*, 6 Wn.2d 90, 106 P.2d 1082 (1940); *Hilleware v. Hilleware*, 104 Wash. 361, 176 P. 330 (1918); *Schoennauer v. Schoennauer*, 77 Wash. 132, 137 P. 325 (1913); *Hector v. Hector*, 51 Wash. 434, 99 P. 13 (1909); *Ditmar v. Ditmar*, 27 Wash. 13, 67 P. 353 (1901); *Gibson v. Gibson*, 18 Wash. 489, 51 P. 1041 (1898) (dicta); *Hughes v. Hughes, supra; Penn v. Morgan*, 7 Wn. App. 794, 502 P.2d 1238 (1972).

A divorce decree which is silent concerning the duty of a noncustodial parent to support has obvious potential for creating problems at a future time and demonstrated the wisdom of RCW 26.08.110 which prescribed the duties of the trial judge in granting a divorce decree. That statute required the judge to provide for the support of the children:

> [A]nd *shall* make provision for costs, and for the custody, support and education of the minor children of such marriage.

(Italics ours.) A decree drawn in compliance with the statute may always be modified if circumstances warrant.

How did it come to pass that the learned and experienced judge who presided at the original trial did not expressly rule on the duty to support? The findings of fact, conclusions of law and decree, although nominally presented by the wife's then attorney, were prepared by the then attorney for the husband,[1] and the omission of any

---

[1]We deduce this from the imprint on the findings, conclusions and decree and

reference to the subject of the wife's duty to support was not an oversight. At the trial of the present action, the husband testified as follows in response to questions put by Judge Doran:

THE COURT: Mr. Henry, did you consider at the time requesting support?

THE WITNESS: At what time, your Honor?

THE COURT: At the time of the original pleadings; or at the time of the original adjudication?

THE WITNESS: We considered just the reverse. The consideration was not to seek support.

The husband's strategy is made even more apparent by his reply brief, in which response is made to the contention that he waived his right to seek child support:

Mr. Henry's testimony that he decided not to seek support does not constitute proof that he waived the right to seek equitable contribution. As the defendant points out, Mr. Henry was "himself a practicing attorney", and was surely aware that the wife had a duty under *RCW 26.16-.205* to support her children. Similarly, *he must have been aware of Washington case law providing for a right of contribution where the issue of child support was not litigated in the divorce proceeding.* It cannot be said that Mr. Henry's decision not to seek child support in the divorce proceedings was "inconsistent with any intention [sic] than to waive" his right to equitable contribution. *Bowman v. Webster,* 44 Wn.2d 667, 669, 269 P.2d 960 (1954). Accordingly, his decision not to seek child support in the divorce action did not waive his right to equitable contribution.

(Italics ours.) To us, this is an admission that he deliberately chose to piecemeal his litigation.

The reason for his choice is not hard to ascertain. At the time of the original divorce he was earning about $2,500 per month, while his wife was earning approximately $400 per month. Being an attorney of some experience, he surely realized that any hope of securing an order of support from his wife was forlorn and he certainly did not want an

from the practice known to the court that generally the prevailing party prepares these documents.

express finding that she was absolved from a duty to support.

In choosing to proceed as he did, we believe he created a dilemma for himself.

Insofar as we have been able to determine, this is the first case in this jurisdiction where it appears from the record that the prevailing custodial parent has consciously chosen to avoid presenting the support issue in the divorce proceeding for the purpose of attempting to preserve an action for equitable contribution, thereby splitting his cause of action. In every other case we have found, either there was a jurisdictional impediment to a support order in the initial decree, or the noncustodial husband in applying for a divorce against an absent wife, neglected to advise the court of the existence of a child in the wife's custody; or in those cases where the court had jurisdiction of both parties, the record is silent as to why the decree failed to provide for support. The record here is not silent. It is explicit.

In *Hector v. Hector, supra* at pages 440–41, the court said:

> The practice of litigating questions of this kind by piecemeal cannot be too strongly condemned. Here the parties settled their property rights, and in all probability the issues in the divorce action, and a decree was entered making no provisions whatever for the support or maintenance of the minor child. Almost immediately the wife begins to assert claims against the husband which should have been determined and adjusted in the divorce action. Such a practice is neither in the interest of the parties nor in the interest of society at large.

In *Hughes v. Hughes, supra,* the court after having quoted the above language from *Hector* said on page 464, after referring to RCW 26.08.110:

> We cannot help but observe that because of the obvious potential for inequitable claims brought long after the divorce decree, it cannot be too strongly urged that every decree of divorce should contain an express provision for the *custody, support and education* of the minor children of a marriage . . .

We recognize. as we did in *Hughes v. Hughes, supra,* that there can be factual problems which make it difficult to sustain a resolution of a case on the basis of waiver. As stated in *Bowman v. Webster,* 44 Wn.2d 667, 669, 269 P.2d 960 (1954):

> The doctrine of waiver ordinarily applies to all rights or privileges to which a person is legally entitled. A waiver is the intentional and voluntary relinquishment of a known right, *or such conduct as warrants an inference of the relinquishment of such right.* It may result from an express agreement or be inferred from circumstances indicating an intent to waive. It is a voluntary act which implies a choice, by the party, to dispense with something of value or to forego some advantage. The right, advantage, or benefit must exist at the time of the alleged waiver. The one against whom waiver is claimed must have actual or constructive knowledge of the existence of the right. He must intend to relinquish such right, advantage, or benefit; *and his actions must be inconsistent with any other intention than to waive them.*

(Italics ours.)

If we are to focus only on that portion of the quotation which states: "[S]uch conduct as warrants an inference of the relinquishment of such right", then it can be held that the trial court properly found a waiver. Both the original trial judge and the wife, under the circumstances of this case, could be expected to assume that with the disparate earning power and the other circumstances of the parties, the husband was tacitly assuming full responsibility for the financial support of the children. Thus he may have impaled himself on that horn of his self-imposed dilemma called waiver.

If, on the other hand, as the husband urges, we must focus on, and ascertain, the subjective intention of the husband, and find that by declining to ask for child support in the divorce he was secretly attempting to preserve his claim to it in another form, then we must examine his situation with respect to the other horn of the dilemma, his equitable position.

■ We conceive the doctrine of equitable contribution to be rooted in the need to provide equitable relief where a divorce decree is silent as to support obligations because of jurisdictional problems, oversight, excusable neglect or perhaps even negligence of counsel. Under such circumstances, the custodial parent should, in good conscience, be granted relief. These considerations do not exist in the present case; rather, the defendant deliberately forewent his opportunity to present the support problem to the trial judge in the divorce action in the hope of obtaining greater contribution at a later time. Nor has it escaped our notice that he sought relief only when the time came for him to make a substantial and final payment on the property settlement agreement which payment he now seeks to avoid by the process of offset.

His conduct shocked the conscience of the court below and so it does ours. He deliberately held back. We feel certain that his silence lulled the original trial judge into uncritically signing the decree presented to him as drafted in the office of the husband's then attorney.

Without regard to any duty the plaintiff may have had to his wife, he owed a duty to assist the court in performing its duty under RCW 26.08.110. In deliberately avoiding that duty we find his hands to be unclean. A court of equity may deny relief to one in this position. *Income Investors, Inc. v. Shelton,* 3 Wn.2d 599, 101 P.2d 973 (1940). To permit recovery here would be an abuse of our equitable powers. *See Arnold v. Melani,* 75 Wn.2d 143, 153, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968–69).

We hold that where a divorce decree is silent as to the duty of a noncustodial parent to support, and where that silence is a result of an affirmative and deliberate plan by the custodial parent to refrain from presenting the issue to the divorce court in the hope of preserving the claim for equitable contribution at a later time, thus piecemealing litigation which should have been concluded in one hearing,

the relief sought may be denied on equitable grounds. We do deny it here and affirm the dismissal by the trial court.

REED, A.C.J., and PETRIE, J., concur.

Petition for rehearing denied April 3, 1978.

Review denied by Supreme Court September 22, 1978.