OTT, Chief Judge.
We reverse the final order which dismissed Morton F. Plant Hospital Association, Inc.’s complaint against Lavon McDaniel.
Morton F. Plant Hospital initiated this action against McDaniel, the noncustodial father, for services rendered his minor child. McDaniel moved to dismiss the complaint alleging that he had never agreed with the hospital to pay for these services, and that under a settlement agreement with the mother, approved in a foreign divorce action, he could not be held liable for such charges. The motion was granted and the trial court held that a noncustodial parent’s “general obligation of support” is not sufficient to justify a third party in maintaining an action directly against the noncustodial parent for medical expenses incurred on behalf of the party’s children.
Initially, we feel a reversal is mandated because the motion to dismiss was granted prematurely and without basis on the meager record before it. The motion was unverified. In addition, the trial judge did not have copies of the foreign divorce decree and property settlement before him. Thus, the trial judge was not fully apprised of the parents’ responsibilities and obligations pursuant to the agreement or judgment. We feel it would be more prudent to let the case progress through pleadings and discovery, if not a full evidentiary hearing. Perhaps somewhere on down the line the action might become susceptible to summary disposition.
While we have disposed of this appeal on procedural grounds, we find some comment warranted on the underlying substantive question. We harbor serious reservations concerning the trial judge’s blanket finding that a noncustodial parent can never be sued by a third party. We now recognize that both parents, rather than just the father, are obligated to support their children consistent with their financial circumstances and the child’s requirements. Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973); § 61.001, et seq., Fla.Stat. (1981); § 744.-301, Fla.Stat. (1981). Further, we note that in Variety Children’s Hospital, Inc. v. Jean Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980), the third district held this duty of support was visited upon both parents and that a third-party hospital supplying hospital services could bring a cause of action based upon quasi-contract against either parent — at least under the facts of that case.
We recoil from forever limiting parental liability to third parties for a child’s medical care to what the parents contract, or a court finds, under the circumstances upon divorce. Consideration of the child’s needs and best interest is still paramount. This together with the comparative circumstances of the parties, the facts surrounding the child’s hospital admission, etc., may justify a third-party action. At the same time, we recognize that without substantial changes[1] or equitable consideration there should not be any open right of the third party to look to a noncustodial parent whose support obligation has been considered and determined by a court of competent jurisdiction and with whom the third party has no connection. Each case will have to stand on its peculiar facts.
REVERSED and REMANDED for further proceedings consistent with this opinion.
*1215 HOBSON, J., concurs.
DANAHY, J., concurs specially with opinion.

. We note that both parents of minor children are equally responsible for the support of their children unless or until a divorce court determines that some other share should be imposed on the father or mother. The parents are then bound by that determination until one of them can show a change of circumstances sufficient to justify a modification of the support arrangement. See Hughes v. Hughes, 11 Wash.App. 454, 524 P.2d 472, 474 (1974).