[No. 26998-8-II.   Division Two.   February 15, 2002.]

THE STATE OF WASHINGTON, *on the relation of Toni Marie Cornell, Plaintiff*, v. RICHARD ARNOLD LANE, *Respondent*, CINDY LOU SMURRO, *Appellant*.

*Robert Helland*, for appellant.
*Otto S. Matsch*, for respondent.

BRIDGEWATER, J. — Cindy L. Smurro appeals the trial court's order denying her petition for back child support. We hold that mere failure to complete a paternity action does not waive back child support under RCW 26.26.134, which grants a five-year look-back period for child support when the parent reinitiates the action three years later. Reversed and remanded.

Smurro gave birth to her daughter Toni Marie Cornell on December 3, 1984. About seven and one-half years later, in August 1992, the State of Washington sent Richard A. Lane an unfiled parentage summons. Lane responded one month later and indicated that if he was indeed Toni's father, he would pay child support. Shortly thereafter, Smurro withdrew her request for child support and Lane did not establish paternity. In 1995, the State filed its petition for

child support and re-served Lane. In June 1996, Lane established paternity as to Toni and an order for child support was entered. Toni was 11 years old.

In December 1997, Smurro brought a motion for back child support for the period June 20, 1991 to June 20, 1996. A commissioner denied Smurro's motion on the basis that she waived her right to collect back child support because she knew Lane was Toni's father, and she "waited so long to file for paternity and then dismissed same." Clerk's Papers at 270. A superior court judge upheld the commissioner's ruling that Smurro waived any entitlement to child support before 1995.

Back child support

■ Smurro contends that substantial evidence does not support the trial court's finding that she waived her right to back child support for the period June 20, 1991, to June 20, 1996. She argues that she never intended to relinquish her right to back child support and that Lane did not establish any severe hardship that back child support would create on him.[1] Substantial evidence is that which would persuade a fair-minded and rational person of the truth of a stated premise. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (quoting *Holland v. Boeing Co.*, 90 Wn.2d 384, 390-91, 583 P.2d 621 (1978)).

■ Under RCW 26.26.134,[2] an order for back child support is limited to five years before commencement of the action. *State ex rel. O'Brien v. Cooperrider*, 76 Wn. App. 699,

---

[1] Although Smurro also contends that neither laches nor equitable estoppel prevent her from obtaining back child support, she argues that review should be limited to waiver since the court based its ruling only on waiver. Smurro is correct that the court's written order denied her motion for back support based solely on waiver. *See Shellenbarger v. Brigman*, 101 Wn. App. 339, 346, 3 P.3d 211 (2000) (the court's written order controls any apparent inconsistency with the court's earlier ruling). Thus, we need not review Smurro's laches and equitable estoppel contentions.

[2] RCW 26.26.134 provides as follows:

A court may not order payment for support provided or expenses incurred more than five years prior to the commencement of the action. Any period of time in which the responsible party has concealed himself or avoided the jurisdiction of the court under this chapter shall not be included within the five-year period.

701-02, 887 P.2d 408 (1994), *review denied*, 126 Wn.2d 1018 (1995). Equitable principles to mitigate the harshness of claims for retrospective support can apply, however, when it does not work an injustice to the custodian or child. *Hartman v. Smith*, 100 Wn.2d 766, 768-69, 674 P.2d 176 (1984). This includes the doctrine of waiver. *Henry v. Russell*, 19 Wn. App. 409, 415, 576 P.2d 908, *review denied*, 90 Wn.2d 1018 (1978).

> "A waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. It may result from an express agreement or be inferred from circumstances indicating an intent to waive. It is a voluntary act which implies a choice, by the party, to dispense with something of value or to forego some advantage. The right, advantage, or benefit must exist at the time of the alleged waiver. The one against whom waiver is claimed must have actual or constructive knowledge of the existence of the right. He must intend to relinquish such right, advantage, or benefit; and his actions must be inconsistent with any other intention than to waive them."

*Henry*, 19 Wn. App. at 415 (emphasis omitted) (quoting *Bowman v. Webster*, 44 Wn.2d 667, 669, 269 P.2d 960 (1954)).

■ Substantial evidence does not support the trial court's finding that Smurro waived her right to back support. Several reasons support our holding:

(1) There is no evidence that when she initiated the action with the prosecutor's office she was told that if she did not follow through, she would waive her right under the statute to collect back child support;

(2) The statute does not contain such a "follow-through" requirement;

(3) The effect of the trial court's holding is that Smurro not only could not collect child support for the five years preceding 1992, she also prospectively waived future support until she actually established paternity—there is no precedent for the proposition of a prospective waiver, even if

the court could have taken the position that by not filing she knew she was giving up support prior to 1992; and,

(4) The statute refers to the "look-back" period as being "five years prior to the commencement of the action." The only action that was "commenced" was the instant one, not the incomplete one which was never filed. Thus, there is no reason a person would assume that any statutory time period would either begin or be waived by an uncommenced action.

Again, the only evidence is that Smurro waited until the child was 11 years old to finally commence the paternity action, and the inference from the prosecutor's earlier letter is that Smurro knew that she could seek back child support. These are not sufficient facts for a waiver of the right to collect back child support. Alone, a missed opportunity to obtain back child support does not create a waiver of the statute. On these facts there is not sufficient evidence for the court to have found a waiver.

Appellant Smurro requests attorney fees incurred in this appeal. We grant an award of attorney fees under RCW 26.09.140, to be set by a Commissioner of our court. Respondent's request for attorney fees is denied.

Reversed and remanded with instructions to set back child support due in accord with the statute.

ARMSTRONG, C.J., and SEINFELD, J., concur.