[No. 1547-1.    Division One—Panel 1.    March 19, 1973.]

THE STATE OF WASHINGTON, *Appellant,* v. DAVID R. GILLASPIE, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney, Robert L. Burnham* and *Philip R. Short, Deputies,* for appellant.

*Froberg & Rutledge* and *Frederic B. Rutledge,* for respondent.

WILLIAMS, J.—This is an appeal by the state from a judgment of the superior court dismissing a felony action brought against a stepfather for nonsupport of a stepchild.

The agreed facts are that David R. Gillaspie married a woman who had an illegitimate[1] infant child. The parties separated, and divorce proceedings were instituted. Although financially able, Gillaspie contributed nothing to the support of the child after the separation. He was charged by information under RCW 26.20.030 (1) (b) as amended, which provides:

(1) Every person who:

. . .

(b) Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or *stepchild or children or stepchildren or* ward or wards: *Provided, That with regard to stepchildren the obligation shall cease upon termination of the relationship of husband and wife;* . . .

(Amended portion in italics.)

The sole question presented is whether the separation of Gillaspie and his wife constituted a "termination of the relationship of husband and wife", as provided in the statute, so as to relieve him from the obligation of supporting his stepchild. The trial court decided that the relationship of husband and wife within the purview of the statute was terminated on separation and dismissed the action. We disagree.

As always, in construing a statute the task is to determine the intent of the legislature. It is apparent that the purpose of the amendment is to provide an additional

---

[1]Although no question has been raised as to whether an illegitimate child of a spouse is a stepchild of the one who married the spouse, we believe that he is. *See Jones v. Jones,* 161 Misc. 660, 292 N.Y.S. 221 (Dom. Rel. Ct. 1937).

source of support for minor children. *State v. Finister,* 5 Wn. App. 44, 486 P.2d 114 (1971). The precise problem is to determine at what point the legislature intended that the support obligation of the stepparent should be cut off. Is it to be at the time that the marriage ceases to be viable—the bed and board, consortium aspect as contended by Gillaspie —or, as urged by the state, when either death or divorce terminates the formal contract of marriage?

■ The State of Washington has recognized that in the natural law, *In re Hudson,* 13 Wn.2d 673, 126 P.2d 765 (1942), as well as the common law, *Taylor v. Taylor,* 58 Wn.2d 510, 364 P.2d 444 (1961), the relationship of stepparent and stepchild confers no rights and imposes no duties upon either unless a child is taken into the home of the stepparent and the relationship of in loco parentis established. The obligation of a person standing in loco parentis ceases with the severance of the relationship. *Taylor v. Taylor, supra.* However, the law has been developing toward the integration of stepchildren into the family with rights equal to those of natural children. *In re Estate of Bordeaux,* 37 Wn.2d 561, 225 P.2d 433, 26 A.L.R.2d 249 (1950). As was said in that case at page 594:

> The rights of stepchildren have been but slowly established through the years, and always in direct opposition to the common law, "whose fundamental pronouncement is that the mere relationship of stepparent and stepchild confers no rights and imposes no duties." 4 Vernier, American Family Laws, 485, § 268. But the modern tendency has been, and rightly so, to assimilate the stepchild to the natural child. See Note, 52 Harv. L. Rev. 515. Where the legislature has passed a statute which, on its face, appears designed to aid in accomplishing that end, we should not restrict it by resort to abstruse and little-known common-law rules, particularly when such rules, as in this case, are of the most doubtful validity.

■ A married couple are husband and wife until divorced. *Togliatti v. Robertson,* 29 Wn.2d 844, 190 P.2d 575 (1948). We believe that the legislative words, "termination of the relationship of husband and wife", as commonly

understood, mean a legal end to the marriage either by divorce or death, and that the intent of the legislature was to give stepchildren the same status as natural children in the operation of the statute.

The judgment of dismissal is reversed.

HOROWITZ, C.J., and CALLOW, J., concur.