Doris Kathleen **HUTCHESON** for herself and on behalf of Sarah Genie Hutcheson, **Plaintiff–Appellant**,

v.

Joseph A. **CALIFANO**, Jr., Secretary of Health, Education and Welfare, **Defendant–Appellee**.

No. 78–2664.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 1980.

Decided Jan. 30, 1981.

Robert S. Linnell, Asst. U.S. Atty., Spokane, Wash., for defendant–appellee.

Before FLETCHER and KILKENNY, Circuit Judges, and JAMESON, Senior District Judge.*

FLETCHER, Circuit Judge:

Doris Hutcheson for herself and on behalf of Sarah Hutcheson appeals the denial of their claim for Social Security benefits under 42 U.S.C. § 402(b)(1), (d)(1) (1976).[1] The Secretary of Health, Education and Welfare denied the claim and the district court affirmed. This court has jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We reverse and remand.

The eligibility of Doris and Sarah for Social Security benefits turns on whether or not Sarah is a "stepchild" of Doris' husband Elwood, a recipient of old–age benefits under 42 U.S.C. § 402(d)(1). We hold that she is.

## FACTS

Elwood Hutcheson is an "insured individual" entitled to old–age benefits under the Social Security Act. 42 U.S.C. § 402(a). He married Doris on June 5, 1970. Sometime in October of 1972, Elwood and Doris separated. On October 10, 1973, Sarah was born in New Jersey, where Doris was living at the time. One David Robison is listed as Sarah's father on her birth certificate. Doris and Sarah returned to Elwood's home

David A. Thorner, Thorner, Almon, Kennedy & Gano., P.S., Yakima, Wash., for plaintiff–appellant.

* Honorable William Jameson, United States District Judge for the District of Montana, sitting by designation.

1. Section 402(b)(1) provides in pertinent part:
    (b)(1) The wife (as defined in section 416(b) of this title) . . . of an individual entitled to old–age or disability insurance benefits, if such wife . . .—
    (A) has filed application for wife's insurance benefits,
    (B) . . . has in her care (individually or jointly with such individual) at the time of filing such application a child entitled to a child's insurance benefit on the basis of the wages and self–employment income of such individual,

     .     .     .     .     .

shall . . . be entitled to a wife's insurance benefit for each month . . . .

Section 402(d)(1) provides in pertinent part:
    (d)(1) Every child (as defined in section 416(e) of this title) of an individual entitled to old–age or disability insurance benefits . . . if such child—
    (A) has filed application for child's insurance benefits,

     .     .     .     .     .

shall be entitled to a child's insurance benefit for each month . . . .

in Yakima, Washington on March 3, 1974 and have lived with him there ever since. Elwood legally adopted Sarah on May 16, 1974.

## SARAH'S ELIGIBILITY

Sarah is entitled to "child's insurance benefits" under the Act if she is Elwood's "child" as that term is therein defined. 42 U.S.C. § 402(d)(1). She has unquestionably been Elwood's child since her adoption in 1974. 42 U.S.C. § 416(e).[2] However, the Act provides that if an insured individual adopts a child after becoming eligible for benefits, the child is eligible for benefits only if he or she is a natural child[3] or stepchild of the insured or meets one of the other listed requirements. 42 U.S.C. § 402(d)(8).[4] Who is a "child" is to be determined in accordance with § 416(h)(2)(A);[5] "stepchild" is nowhere defined.

Most family relationships are defined in the Act by reference to the law of the state of domicile. *See, e. g.,* 42 U.S.C. § 416(h)(1)(A), (2)(A).[6] The "step" relation-

---

2. Section 416(e) provides in pertinent part:
   (e) The term "child" means (1) the child or legally adopted child of an individual . . . .

3. We note that a child in Sarah's situation might be a "child" under Washington law. *See, e. g., Stone v. Stone,* 76 Wash.2d 586, 458 P.2d 183, 184 (1969); *Pierson v. Pierson,* 124 Wash. 319, 214 P. 159 (1923). The parties have not argued that Sarah is Elwood's child, so we do not address the point.

4. Section 402(d)(8) provides in pertinent part:
   (8) In the case of—
   (A) an individual entitled to old–age insurance benefits . . .
   
   .      .      .      .      .
   
   a child of such individual adopted after such individual became entitled to such old–age . . . insurance benefits shall be deemed not to meet the [dependency] requirement . . . unless such child—
   (C) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or
   (D)(i) was legally adopted by such individual in an adoption decreed by a court of competent jurisdiction within the United States,
   (ii) was living with such individual in the United States and receiving at least one–half of his support from such individual (I) if he is an individual referred to in subparagraph (A), for the year immediately before the month in which such individual became entitled to old–age insurance benefits . . . or (III) if he is an individual referred to in . . . subparagraph (A) . . . and the child is the grandchild of such individual or his or her spouse, for the year immediately before the month in which such child files his or her application for child's insurance benefits, and
   (iii) had not attained the age of 18 before he began living with such individual.
   In the case of a child who was born in the one–year period during which such child must have been living with and receiving at least one–half of his support from such indi-
   vidual, such child shall be deemed to meet such requirements for such period if, as of the close of such period, such child has lived with such individual in the United States and received at least one–half of his support from such individual for substantially all of the period which begins on the date of birth of such child.

5. Section 416(h)(2)(A) provides that
   (2)(A) In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

6. Section 416(h)(1)(A) provides:
   (h)(1)(A) An applicant is the wife, husband, widow or widower of a fully or currently insured individual for purposes of this subchapter if the courts of the State in which such insured individual is domiciled at the time such applicant files and [sic] application, or, if such insured individual is dead, the courts of the State in which he was domiciled at the time of death, or, if such insured individual is or was not so domiciled in any State, the courts of the District of Columbia, would find that such applicant and such insured individual were validly married at the time such applicant files such application or, if such insured individual is dead, at the time he died. If such courts would not find that such applicant and such insured individual

ship, however, is not. The parties cite only two cases on the question of who is a stepchild under the Act, both of which follow the principle that in the absence of a statutory definition the "normal" meaning of the word will be applied. The "normal" meaning of stepchild is taken to be the "child of one of the spouses by a former marriage." *B–B v. Califano*, 476 F.Supp. 970, 974 (M.D. Ga.1979); *Stephens v. Federal Security Administration*, 121 F.Supp. 120, 122 (E.D.Ill. 1949). We question whether this definition of "stepchild" is the normal meaning.

In any event, under the law of the state of Washington, which we find is the proper reference here, Sarah is clearly Elwood's stepchild. There is no general federal common law relating to family relationships. Family and property law for good reason are the province of state law. In the absence of a statutory definition, we turn to the law of the state of Washington for illumination. In the statutes regulating adoption, a stepchild is unambiguously defined as a "child of the petitioner's spouse who is not a child of the petitioner." Wash. Rev.Code § 26.32.200(3) (1971). Sarah is obviously a stepchild within this definition. In Washington, unlike many other states, a stepparent has the same duty of support as a parent during the existence of the marriage to the child's parent. Wash.Rev.Code § 26.16.205 (1969). The stepparent may be held criminally liable for failure to support the stepchild, Wash.Rev.Code § 26.20.030 (1969), and this sanction has been applied to the stepfather of an illegitimate child. *State v. Gillaspie*, 8 Wash.App. 560, 507 P.2d 1223 (1973).

We conclude that Sarah is Elwood's stepchild for purposes of the Social Security Act as well. The government argues that a "stepchild" must be the child of a prior marriage. If we applied this definition, Sarah's failure to qualify for benefits would be based solely on her putative illegitimacy.

To so hold might well run afoul of the Equal Protection Clause. *Jimenez v. Weinberger*, 417 U.S. 628, 636–37, 94 S.Ct. 2496, 2501–02, 41 L.Ed.2d 363 (1974)

We find additional support for our holding in the policies behind the Social Security Act. The provisions of the Act excluding most "after–adopted children" from eligibility are apparently designed to prevent adoption of children solely for the purpose of qualifying them for benefits. *Hagler v. Finch*, 451 F.2d 45 (9th Cir. 1971), *cert. denied, sub nom., Hagler v. Richardson*, 405 U.S. 1071, 92 S.Ct. 1522, 31 L.Ed.2d 805 (1972). This is because "the legislative policy is to furnish secondary benefits to every child who would have received support from the insured but for the disability." *Clayborne v. Califano*, 603 F.2d 372, 377 (2d Cir. 1979) (footnote omitted). Under Washington law, Elwood would have been liable for Sarah's support whether or not he adopted her. The legislative policy is therefore furthered by our decision.

## DORIS' ELIGIBILITY

Since we hold that Sarah is eligible for child's benefits, Doris is eligible for wife's benefits because she has Sarah in her care. 42 U.S.C. § 402(b)(1)(B).

The judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.

were validly married at such time, such applicant shall, nevertheless be deemed to be the wife, husband, widow, or widower, as the case may be, of such insured individual if such applicant would, under the laws applied by such courts in determining the devolution of intestate personal property, have the same status with respect to the taking of such property as a wife, husband, widow, or widower of such insured individual.

For the text of § 416(h)(2)(A), see note 5 *supra*.