[No. 14601-7-I. Division One. April 14, 1986.]

WILLIAM LESTER STAHL, *Respondent,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Christine L. Currie, Assistant,* for appellant.

*Davis, Robert, Reid & Walker* and *Rob Williamson,* for respondent.

COLEMAN, J.—Department of Social and Health Services (DSHS) appeals a summary judgment determining that Mr. Stahl had no obligation to support his stepchildren after he separated from his wife. We reverse.

William Lester Stahl married on July 9, 1974. His wife was the custodial parent of three children by a former marriage. The family lived together until Mr. and Mrs. Stahl separated in October 1981. Mrs. Stahl filed for dissolution of the marriage on October 16, 1981. The marriage was dissolved on February 14, 1983.

Mrs. Stahl applied for and began receiving public assistance benefits from DSHS in March 1982. As a condition precedent to receiving assistance, she assigned to DSHS all of her right, title, and interest in any support owing for the children. Mrs. Stahl received assistance through February 1983.

In August 1982, Mr. Stahl was served with a notice and finding of financial responsibility by DSHS. Mr. Stahl was granted an administrative hearing. The decision of the administrative law judge and of the review examiner was that Mr. Stahl was obligated to support his stepchildren until his marriage to their mother was dissolved. Mr. Stahl petitioned for judicial review of the DSHS decision. On summary judgment, the Superior Court reversed the DSHS decision, holding that (1) there were no genuine issues of material fact; (2) Mr. Stahl was a custodial stepparent from the time of his marriage to the date he and his wife separated; and (3) Mr. Stahl became a noncustodial stepparent upon his separation from his wife and had no obligation to

support her children following the separation. The court also determined that Mr. Stahl would be awarded his reasonable attorney's fees for the judicial review.

The parties agree that there are no genuine issues of material fact. The only issue on appeal is the legal question of when a stepparent's obligation of support terminates.

The statute dealing with family support provides:

> The expenses of the family and the education of the children, including stepchildren, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately: *Provided,* That with regard to stepchildren, the obligation shall cease upon the termination of the relationship of husband and wife.

RCW 26.16.205.

In *State v. Gillaspie,* 8 Wn. App. 560, 507 P.2d 1223 (1973), this court interpreted a criminal nonsupport statute containing the same proviso that is in RCW 26.16.205. Mr. Gillaspie argued that when he separated from his wife, there was a "termination of the relationship of husband and wife" as provided in the statute. The *Gillaspie* court disagreed, stating:

> We believe that the legislative words, "termination of the relationship of husband and wife", as commonly understood, mean a legal end to the marriage either by divorce or death, and that the intent of the legislature was to give stepchildren the same status as natural children in the operation of the statute.

*Gillaspie,* at 562–63.

Respondent contends, however, that *Gillaspie* is no longer correct in light of the Supreme Court's holding in *Van Dyke v. Thompson,* 95 Wn.2d 726, 630 P.2d 420 (1981). In *Van Dyke,* the court examined the common law and statutory bases for a stepparent's duty of support. Under the common law, only stepparents in loco parentis were required to contribute to the needs of a child. *Taylor v. Taylor,* 58 Wn.2d 510, 364 P.2d 444 (1961). The *Van Dyke* court examined the support obligation created by RCW 26.16.205 and determined that the Legislature did

not intend to extend this obligation to noncustodial stepparents. Respondent argues that *Van Dyke* overruled *Gillaspie sub silentio* and determined that common law principles apply to a stepparent's obligation of support.

■ Respondent's argument is without merit. The *Gillaspie* court found that the Legislature intended to alter the common law obligation of *custodial* stepparents, making them liable for support until the legal termination of the marriage. *Van Dyke*, which determined that the Legislature did not intend to alter the common law obligation of *noncustodial* stepparents, did not overrule *Gillaspie*.

There is further authority to support DSHS's interpretation of the statute in *Groves v. Department of Social & Health Servs.*, 42 Wn. App. 84, 709 P.2d 1213 (1985). In *Groves*, the marriage lasted only a short time before the parties separated. The husband argued that he should not be required to support the stepchildren after the separation. The court disagreed, holding that once the parties married, "Groves thereupon became obligated to support his stepchildren. That obligation continued until the marriage was legally dissolved." *Groves*, at 86. Respondent concedes that *Groves* is directly contrary to his position, but asks that we decline to follow it. Because we believe that both *Gillaspie* and *Groves* were correctly decided, we adhere to those decisions.[1]

The judgment of the trial court is reversed.

SCHOLFIELD, C.J., and GROSSE, J., concur.

Review denied by Supreme Court July 8, 1986.

---

[1]There was some discussion at oral argument concerning the effect, if any, a decree of separation obtained pursuant to RCW 26.09.020 would have on the support obligation of a custodial stepparent. That issue is not before us, and we do not address it.