[No. 11564-0-III.   Division Three.   September 3, 1992.]

*In the Matter of the Marriage of* IRENE M. FARRELL, *and* ANTHONY D. FARRELL.

SANDRA L. BREWER, ET AL, *Respondents*, v. IRENE SPENCER, ET AL, *Appellants*.

*Richard A. Perrey* and *Benjamin & Perrey, P.S.,* for appellants.

*Michael D. Kinkley,* for respondents.

SHIELDS, C.J. — Irene and Edward Spencer appeal an order and judgment in favor of Sandra and Robert Brewer requiring them to pay child support in a nonparent custody proceeding. They contend Mr. Spencer has no support obligation for his stepdaughter and the Brewers are entitled to reimbursement only for the amount they actually expended for the child's necessities. We reverse, vacate the judgment and remand.

The essential facts, unlike the procedural history, are not complicated. In 1977, a decree of dissolution terminated the marriage of Anthony and Irene Farrell. Irene was awarded custody of their two daughters, Joeal and Michelle, and Anthony was ordered to pay $62.50 per child per month for their support "until such minor children reach the age of majority or are sooner emancipated or self-supporting." In 1980, Irene married Edward Spencer; the Farrell daughters lived with them.

On July 15, 1989, Michelle left home. Claiming her stepfather was mistreating her, but her mother would not believe it, she sought refuge with Sandra and Robert Brewer, a couple with whom she was acquainted and felt she could trust. The Brewers took Michelle in and notified her mother of her whereabouts. Shortly thereafter, Child Protective Services (CPS) became involved and placed Michelle in a foster home for approximately 1 week. At her request and

with the permission of the Brewers, and the knowledge of CPS and her mother, Michelle returned to the Brewer home.

On May 31, 1990, the Brewers filed a "Petition for Modification of Custody" in the superior court in the Farrell dissolution action. On June 1, a court commissioner concluded the court had jurisdiction over Michelle and the parties, she had been integrated into the Brewer home with the knowledge of her natural parents, and they agreed to the proposed change in custody. An agreed order was entered, modifying the Farrells' decree of dissolution by granting custody of Michelle to the Brewers. It was signed by Michelle, both her natural parents, Mr. Spencer and the Brewers. Child support was not mentioned or addressed in the custody petition, findings and conclusions, or order. The Spencers were not represented by counsel.

On June 5, 1990, the Brewers filed a "Summons" and "Petition for Modification of Child Support" in the Farrell dissolution action. They also filed a "Summons and Petition for Past-Due Support" in it seeking contribution from both natural parents and Mr. Spencer for support they provided Michelle from July 15, 1989, until the hearing. The Spencers responded, resisting modification and requesting dismissal of the support and contribution claims because, among other things, the original support order in 1977 made no determination as to the Spencers, the agreed order modifying custody was improperly entered in the dissolution action and not pursuant to the nonparental custody statute, and the court was without jurisdiction on the contribution clause.

The Brewers' attorney filed an affidavit "to eliminate the semantical arguments" raised by the Spencers' answer. He asserted the proceeding for child support from the natural parents and Mr. Spencer "*was, is,* and *shall be* an action based upon RCW 26.10"; the dissolution forms were used for convenience and frugality, but the Brewers were seeking support under RCW 26.10.040, .045, .050 and .060.

On July 6, 1990, a temporary order for support was entered. Irene Spencer was ordered to pay monthly child support of $100 and Anthony Farrell $250 to the state support registry, both commencing June 15.

On March 1, 1991, a hearing was held on the motion to modify support. The Spencers renewed their motion to dismiss, challenging the court's jurisdiction to modify the 1977 dissolution decree in the manner requested. Anthony Farrell joined in the motion. The court acknowledged the problems; concluded they were of form, not substance; determined it had jurisdiction over the parties who were all necessary to resolution of the matter; denied the motion; and proceeded.

Findings of fact and conclusions of law were entered March 27, 1991, along with an order and judgment consistent with them. The court concluded Edward Spencer, as Michelle's stepfather, is obligated to provide support for her and combined his income with Irene's in setting a support figure for the Spencers of $410 per month. Using the same figure, it concluded the Spencers owed the Brewers $8,200 for the period between July 15, 1989, and March 31, 1991. Edward and Irene Spencer, and Anthony Farrell, were ordered to share equally any of Michelle's dental and medical bills not covered by insurance. Attorney fees and costs were assessed against the Spencers and Anthony Farrell. The court retained jurisdiction to determine whether Michelle, 17, would be entitled to postmajority support.

The Spencers appeal the support figure combining Mr. Spencer's income with Irene's and the $8,200 judgment entered against them to reimburse the Brewers for Michelle's support. Anthony Farrell is not a party to the appeal.

■ We must first address a procedural issue.[1] The law distinguishes between child custody proceedings instituted by parents and those instituted by nonparents. Custody proceedings between parents are governed by RCW 26.09. RCW

---

[1] The Spencers have not raised the issue on appeal; we address it sua sponte for the purposes of correction and guidance.

26.09.002. Since January 1, 1988, custody proceedings involving nonparents are governed by RCW 26.10. RCW 26.10.010. The court's jurisdiction and authority are prescribed and distinguished by those statutes. This change in the law occurred more than 2 years before the Brewers invoked the court's jurisdiction over Michelle's custody by filing a petition for modification of the Farrells' RCW 26.09 dissolution decree. They should have proceeded under RCW 26.10.030. Nevertheless, all parties agreed to entry of the change of custody which was designated a modification of the dissolution decree. Had a separate custody proceeding been instituted under RCW 26.10, the same parties would have been involved.

The Brewers' standing to petition the court for Michelle's custody is derived from RCW 26.10.030(1), which requires the child not be in the physical custody of one of its parents or an allegation neither parent is a suitable custodian. Because the Brewers met this threshold requirement, the court had jurisdiction over the custody determination. Thus, entry of the agreed order changing custody was a procedural error, not a jurisdictional defect. That error should be corrected on remand.

The first substantive issue we consider is whether Edward Spencer has any legal obligation to support his stepdaughter after she moved out of his household. The scope of a stepparent's duty to support a stepchild requires recourse to both common and statutory law.

██ Under the common law, those stepparents standing in loco parentis to a stepchild are legally obligated to support and educate the child. *Van Dyke v. Thompson*, 95 Wn.2d 726, 729, 630 P.2d 420 (1981) (citing *Taylor v. Taylor*, 58 Wn.2d 510, 512, 364 P.2d 444 (1961)). Here, the trial court found "Edward Spencer treated Michelle as his daughter during the time she lived in the Spencer home and he intended to assume the status of step-parent to Michelle." The record supports that finding. It implies Mr. Spencer stood in loco parentis to Michelle, but only while she lived with him. As the Spencers point out, an in loco parentis

relationship may be abrogated by either participant. *Taylor*, at 513. Here, Mr. Spencer's common law duty of support ended when Michelle left the Spencer home.

Under statutory law, RCW 26.16.205 imposes a duty of support on stepparents.[2] In *Van Dyke*, at 729-30 (citing *Taylor*, at 512), the court concluded RCW 26.16.205 imposes liability only upon "custodial stepparents" and did not effect a departure from the common law rule. *See also In re Montell*, 54 Wn. App. 708, 712-13, 775 P.2d 976 (1989). As a custodial stepparent, in loco parentis to Michelle, Mr. Spencer had both a common law and statutory duty to support her while she lived with him and her mother.

RCW 26.16.205 further provides the support obligation of a stepparent ceases upon termination of the marital relationship. It does not address the situation here. In other contexts it has been held once a family unit is established, the custodial stepparent's support obligation continues until legal dissolution of the marriage[3] or death of the spouse and does not end upon separation. *Stahl v. Department of Social & Health Servs.*, 43 Wn. App. 401, 404, 717 P.2d 320, *review denied*, 106 Wn.2d 1009 (1986); *Groves v. Department of Social & Health Servs.*, 42 Wn. App. 84, 86, 709 P.2d 1213 (1985). Whether the obligation continues when a stepchild leaves the family home during marriage is not addressed by RCW 26.16.205, which does not evidence an intent to change the common law with respect to the child's ability to end an in loco parentis relationship. Under *Van Dyke*, Michelle terminated Mr. Spencer's statutory duty to support her when

---

[2]Former RCW 26.16.205 provides:
"The expenses of the family and the education of the children, including stepchildren, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately: *Provided*, That with regard to stepchildren, the obligation shall cease upon the termination of the relationship of husband and wife."

[3]RCW 26.16.205 was amended in 1990 to allow for termination of a stepparent's support obligation upon a motion made with a petition for dissolution or legal separation. Laws of 1990, 1st Ex. Sess., ch. 2, § 13.

she moved out. *See Taylor*, at 513. Furthermore, RCW 26.10-.050 authorizes the court to order current and future support only from one or both parents.[4] It does not provide for support from a stepparent. The Brewers' argument for stepparent support under RCW 26.10.050 is contrary to the law and common sense: once custody changes to a nonparent, the stepparent is no longer "custodial" and under *Van Dyke* has no duty of support.

The second substantive issue we consider is whether Irene Spencer has a legal obligation to reimburse the Brewers for Michelle's support from July 15, 1989, through March 31, 1991; and if so, in what amount. The Spencers do not contend Irene owes no duty of current and future support for her daughter; rather, they contend the court lacked authority to award "past-due" support or "back support". The Spencers argue any reimbursement to which the Brewers were entitled from Michelle's natural parents was limited to actual expenditures made for her support.

The procedurally erroneous agreed order granting custody of Michelle to the Brewers contained no support provisions despite the clear requirement of RCW 26.10.040.[5] Because there was no support due under RCW 26.09 and none properly ordered under RCW 26.10, there could be no "past-due" support or "back support".

■ To whatever extent the family expense statute, RCW 26.16.205, authorizes an action for recovery from her natural parents of past expenses and education for Michelle by the Brewers, they must establish the amount they expended. *See Miller v. Lewis*, 138 Wash. 167, 244 P. 400 (1926); *Ross v.*

---

[4]RCW 26.10.050 provides:

"In a [third party] custody proceeding, the court may order either or both parents owing a duty of support to any child of the marriage dependent upon either or both spouses to pay an amount reasonable or necessary for the child's support."

[5]Under the rationale of *Henry v. Russell*, 19 Wn. App. 409, 411-12, 576 P.2d 908, *review denied*, 90 Wn.2d 1018 (1978), the approach taken in this case could preclude the Brewers' access to the equitable relief they seek.

*Azcarate*, 39 Wn. App. 245, 692 P.2d 897 (1984). They did not do so. The court erred in its reimbursement award of $8,200.

The Brewers seek attorney fees pursuant to RAP 18.1 and RCW 26.10.080. The first authority provides for fees necessitated by a frivolous appeal. This appeal is not frivolous. The second provides for a discretionary award after consideration of the parties' financial resources. No financial information has been provided. The request for fees is denied.

In summary, Mr. Spencer has no duty to support Michelle under RCW 26.10; his income may not be used in determining Mrs. Spencer's support obligation under RCW 26.10, *see* RCW 26.19.071(1); and he is not responsible for any of Michelle's uninsured medical and dental expenses. Current and future support for Michelle may be obtained only from her natural parents. The court's jurisdictional authority on that issue is limited to that encompassed in RCW 26.10. Determination of that support requires compliance with former RCW 26.19.040. RCW 26.10.045.[6] The Brewers may be entitled to reimbursement from the natural parents for expenses and education incurred for Michelle if they can establish them.

The decision of the Superior Court is reversed, the judgment against the Spencers is vacated and the cause is remanded for further proceedings.

THOMPSON and SWEENEY, JJ., concur.

---

[6]RCW 26.19.040 was repealed by Laws of 1991, 1st Sp. Sess., ch. 28, § 8. The child support schedule is contained in RCW 26.19.