28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL INSURANCE SERVICES, a Florida corporation,
Plaintiff-Counterdefendant-Appellee,
v.
HEALTH PRACTICE MANAGEMENT, INC., a California corporation;
A. Leon Herrick, an individual,
Defendants-Counterclaimants-Appellants,
v.
PAN-AMERICAN LIFE INSURANCE CO., Counterdefendant-Appellee.
 No. 93-55097.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1994.
Decided May 23, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Son/Grandson
 
 2
 This appeal stands or falls largely on the answer to a single question: Is a "grandson" a "son" for purposes of the Ben-E-Med insurance policy? We conclude that the two terms are not synonymous.
 
 
 3
 A recent Ninth Circuit decision is closely analogous. In Evans v. Safeco Life Ins. Co., 916 F.2d 1437 (9th Cir.1990), we rejected an attempt to read "children" as including "stepchildren" by expressly declaring that "[t]he meaning of the word 'children' is plain to us, and we refuse to adopt an unduly expansive interpretation of that word." Id. at 1441.[1] Cf. Rundle v. Califano, 639 F.2d 542, 543 (9th Cir.1981) (implicitly distinguishing natural children from grandchildren for purposes of Social Security Act); Hutcheson v. Califano, 638 F.2d 96, 98 (9th Cir.1981) (same). The district court properly granted NIS's motion for partial summary judgment on this issue.
 
 II. Federal Common Law Estoppel[2]
 
 4
 Herrick argues that the federal common law of estoppel should be invoked to extend the definition of "natural children" to include "grandchildren."
 
 
 5
 In Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 821 (9th Cir.1992), we held that "a federal common law claim of equitable estoppel will be available only where (a) the provisions of the plan at issue are ambiguous such that reasonable persons could disagree as to their meaning or effect, and (b) representations are made to the employee involving an oral interpretation of the plan." (internal quotation and citations omitted). These conditions are in the conjunctive. Id. at 821-22 ("Unless both conditions are met ... a beneficiary has no equitable estoppel claim.") (quoting Simmons v. Southern Bell Tel. & Tel. Co., 940 F.2d 614, 618 (11th Cir.1991)).
 
 
 6
 Because the key provision of the Ben-E-Med policy (viz., the term "natural children") is not ambiguous, recovery is precluded on this issue. See Greany, 973 F.2d at 822 n. 9 ("A plaintiff must first establish that the plan provision in question is ambiguous and the party to be estopped interpreted this ambiguity.").
 
 III. Preemption
 
 7
 It is undisputed that Herrick's Ben-E-Med policy is governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub.L. No. 93-406, 88 Stat. 832 (1974), codified at 29 U.S.C. Secs. 1001-1461. See 29 U.S.C. Secs. 1002(1)(A), 1003(a)(1). The district court ruled that ERISA preempts Herrick's various state law claims because those claims "relate to" an ERISA employee welfare benefit plan and do not fall under ERISA's "savings clause." Herrick argues on appeal that the district court erred by reading ERISA's preemption clause too broadly or, conversely, by reading ERISA's preemption clause too narrowly.
 
 
 8
 Citing Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985), Herrick argues that there is a general presumption against preemption of state laws "regulating insurance" under ERISA's so-called "savings clause." While correct as far as it goes, it must also be borne in mind that
 
 
 9
 ERISA's preemption clause is "deliberately expansive," Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 1551-52, 95 L.Ed.2d 39 (1987), and " 'contains one of the broadest preemption clauses ever enacted by Congress.' " Greany, 973 F.2d at 817 (citations omitted). The preemption clause states that the provisions provided by ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. Sec. 1144(a). Interpreting ERISA's preemption clause, the Supreme Court has instructed that "relates to" is to be "given its broad common-sense meaning." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Therefore, a state cause of action relates to an ERISA benefit plan if operation of the law impinges on the functioning of an ERISA plan. Id.
 
 
 10
 Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131 (9th Cir.1993) (per curiam), cert. denied, 62 U.S.L.W. 3705 (U.S. Apr. 25, 1994) (No. 93-1390).
 
 
 11
 Put simply, ERISA's "relates to" clause in 29 U.S.C. Sec. 1144(a)[3] presumptively preempts any and all state laws (and state law claims) that would have the effect of impinging on an ERISA plan, "even including state laws that are consistent with ERISA's substantive requirements[,]" Metropolitan Life, 471 U.S. at 739; while ERISA's "savings clause" (29 U.S.C. Sec. 1144(b)(2)(A))[4] "appears broadly to preserve the States' lawmaking power over much of the same regulation." Id. at 740. As the provisions of California statutory law upon which Herrick bases his state law claims clearly "relate to" the Ben-E-Med policy, they are presumptively preempted by ERISA because they impinge on an ERISA plan. The issue before us, therefore, is whether those same provisions of state law "regulate insurance" so as to be exempt from preemption under the "savings clause."
 
 
 12
 A state law regulates the business of insurance when it (1) is limited to the insurance industry, (2) has the effect of transferring or spreading a policyholder's risk, and (3) involves an integral part of the relationship between the insurer and the insured. Metropolitan Life, 471 U.S. at 743 (discussing the above, in a slightly different order, in the context of the McCarran-Ferguson Act, 15 U.S.C. Secs. 1011-1015). However, state common law actions arising out of the improper processing of insurance claims, even though arguably falling within the above definition of "regulat[ing] insurance," are nevertheless preempted by ERISA. Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 493 (9th Cir.1988) (citing Pilot Life ), cert. denied, 492 U.S. 906 (1989). This applies as well to state statutory claims for compensatory damages resulting from unfair insurance practices. Kanne, 867 F.2d at 493 (discussing Cal.Ins.Code Sec. 790.03(h)). Even "state laws of insurance policy interpretation do not qualify for the saving clause exception and are preempted." Evans, 916 F.2d at 1440 (citing Kanne ).
 
 
 13
 In rejecting Herrick's arguments on this issue, the district court noted that the provisions of the California Insurance Code relied upon by Herrick
 
 
 14
 do not have the effect of transferring or spreading policyholder risk because they do not regulate the substantive terms or content of insurance policies by mandating benefits. [Moreover], the provisions on which Herrick relies are not integral to the policy relationship between the insurer and the insured because they do not regulate the terms of the insurance contract itself or define the relationship between the insurer and the insured.
 
 
 15
 ER Tab 92 at 8-9. The district court did not err in concluding that Herrick's state law claims did not fall under ERISA's "savings clause."
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 One of the authorities cited at page 1441 of the Evans opinion is quoted as saying "[t]he courts are also generally agreed that the term children does not include grandchildren[.]" J. Greider, M. Crawford, W. Beadles, Law and the Life Insurance Contract 273 (5th ed. 1984) (emphasis in original)
 
 
 [2]
 Implicit in the parties' arguments with respect to this issue is the fact--conceded by both Herrick and NIS--that the Ben-E-Med policy is governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub.L. No. 93-406, 88 Stat. 832 (1974), codified at 29 U.S.C. Secs. 1001-1461
 
 
 [3]
 "[T]he provisions of this subchapter ... shall supersede any and all State laws insofar as they ... relate to any employee [welfare] benefit plan[.]" 29 U.S.C. Sec. 1144(a) (in relevant part)
 
 
 [4]
 "[N]othing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance[.]" 29 U.S.C. Sec. 1144(b)(2)(A) (in relevant part)