81 P.3d 154 (2003)
119 Wash.App. 415
Jane and Michael MECUM, Respondents,
v.
Steven POMIAK, Appellant.
No. 51681-7-I.
Court of Appeals of Washington, Division 1.
December 15, 2003.
Steven Pomiak, pro se.
Robert Helland, Attorney at Law, Tacoma, WA, for Appellant.
Michael W. Louden, The Public Advocate, Seattle, WA, for Respondent.
SCHINDLER, J.
Jane and Michael Mecum filed a petition under RCW 26.10.030 for custody of their granddaughter, C.M. Shortly before trial they filed a proposed parenting plan and a motion asking the trial court to find the father, Steven Pomiak, in default because he failed to comply with the requirements of RCW 26.09.181 and file a proposed parenting plan. The court granted the Mecums' motion *155 and entered an order finding Pomiak in default. The trial court then entered a parenting plan and decree granting custody of C.M. to the Mecums.
This case raises the question of whether a court can enter an order of default for failure to comply with the requirements of RCW 26.09.181 in a third-party petition for custody under RCW 26.10.030. We hold that the trial court cannot and reverse.

FACTS
C.M. was born in Seattle on April 28, 2000. Stephanie Mecum and Steven Pomiak are her parents who lived together in California. When their relationship ended in April 2000, Stephanie returned to Washington to stay with her parents, the Mecums. Pomiak remained in California. After C.M. was born, Stephanie left C.M. with her parents and returned to California.
On January 8, 2002, the Mecums filed a third-party custody petition under RCW 26.10.030.[1] C.M.'s mother initially contested the petition. The court appointed a guardian ad litem to investigate and prepare a custody report for C.M. On May 9, 2002, Pomiak's attorney filed a notice of appearance. A week later Pomiak filed a response opposing the Mecums' third-party custody petition and denying the allegations. In June 2002 his attorney filed a notice of intent to withdraw. Before trial, the guardian ad litem interviewed Pomiak by telephone. During this conversation Pomiak said he planned to attend the December 16, 2002 trial.
On November 18, 2002, the Mecums filed a proposed parenting plan and a motion asking the court to find Pomiak in default under RCW 26.09.181(1)(d) because he failed to comply with its requirement to file a proposed parenting plan. On November 26, 2002, Pomiak filed his proposed parenting plan and a declaration in opposition to the motion for default.
On December 4, 2002, the court entered an order finding Pomiak in default for his failure to timely comply with the requirements of RCW 26.09.181(1)(d).[2] Pomiak filed a motion for reconsideration, which was denied on December 16, 2002 on the same grounds. In its order denying Pomiak's motion for reconsideration the trial court stated:
The motion for reconsideration is denied. The order of default is properly based on father's untimely filing of a parenting plan. The untimely filing of the parenting plan is in violation of RCW 26.09.181. RCW 26.10 is closely intertwined with RCW 26.09 and contemplates the filing of a proposed parenting plan and that the failure to do so can be a basis for default.[[3]]
On the same day, the court entered a parenting plan and nonparental custody decree awarding custody of C.M. to the Mecums. This appeal followed.

DISCUSSION
A nonparent custody action is governed by chapter 26.10 RCW. Under RCW 26.10.030, a nonparent may commence an action seeking custody of a child if the child is not in the physical custody of one of his or her parents or if the petitioner alleges that neither parent is a suitable custodian. In a custody dispute between parents and nonparents the court must also take into consideration the parents' constitutionally protected priority right to the custody of their children.[4]
In the Mecums' nonparental custody action under RCW 26.10.030, they asked the court to find Pomiak in default for his failure to comply with RCW 26.09.181. The trial court agreed and entered an order of default against Pomiak. RCW 26.09 governs actions between parents in dissolution proceedings. RCW 26.09.181 provides in pertinent part:
26.09.181 Procedure for determining permanent parenting plan. (1) SUBMISSION *156 OF PROPOSED PLANS. (a) In any proceeding under this chapter, except a modification, each party shall file and serve a proposed permanent parenting plan[.]
. . . .
(d) A party who files a proposed parenting plan in compliance with this section may move the court for an order of default adopting that party's parenting plan if the other party has failed to file a proposed parenting plan as required in this section.[[5]]
Pomiak argues that the requirements of RCW 26.09.181 relating to parenting plans in dissolution proceedings do not apply to a third-party in a custody petition brought under RCW 26.10. The Mecums maintain that RCW 26.09.181 applies because the requirements in Title 26 apply to dissolution and nonparental custody cases. The Mecums' position is only partly correct.
The Legislature has indicated an intent to distinguish between parents and third-party nonparents in the two chapters, RCW 26.09 and RCW 26.10.[6]
26.10.010 Intent. It is the intent of the legislature to reenact and continue the law relating to third-party actions involving custody of minor children in order to distinguish that body of law from the 1987 parenting act amendments to chapter 26.09 RCW, which previously contained these provisions.
In In re Marriage of Farrell,[7] this court acknowledged the difference between chapters 26.09 and 26.10.
The law distinguishes between child custody proceedings instituted by parents and those instituted by nonparents. Custody proceedings between parents are governed by RCW 26.09. RCW 26.09.002. Since January 1, 1988, custody proceedings involving nonparents are governed by RCW 26.10. RCW 26.10.010.[[8]]
Chapter 26.09, Dissolution of Marriage-Legal Separation, provisions apply in chapter 26.10, Nonparental actions for Child Custody, proceedings only in certain circumstances. First, they apply when an RCW 26.10 statute explicitly states as much. Here, this is not the case. RCW 26.10.030 does not mention RCW 26.09.181, much less cite to it for additional procedures. Second, RCW 26.09 provisions apply to RCW 26.10 proceedings when the underlying purpose between statutes from the two chapters is the same.
In In re the Custody of S.H.B.,[9] we stated that a chapter 26.09 provision, RCW 26.09.220, applied in a chapter 26.10 case. Significantly, we reasoned that "[a]lthough the provision is found in chapter 26.09 RCW rather than 26.10 RCW, the underlying purpose, to assist the trial court in determining who is best suited to serve as the primary residential custodian, is the same."[10]
But in In re Custody of Nunn,[11] this court determined that an RCW 26.09 provision did not apply to an RCW 26.10 action. There, the guardian ad litem investigated the merits of the parent and nonparents as custodians using the criteria set forth in RCW 26.09.187(3) for establishing residential provisions in parenting plans as between divorcing parents. The court stated that the criteria in RCW 26.09.187(3) are not the criteria for determining custody in nonparental child custody proceeding.[12] In custody disputes between parents, a court determines the child's best interest by deciding which parent offers the better home environment. In a custody dispute between parents and nonparents, *157 however, the analysis must accommodate the natural parents' constitutionally protected priority right to the custody of their children.[13]
RCW 26.09.181 only applies in dissolution cases between parents with children. There is no equivalent procedure under chapter 26.10 RCW. Third-party nonparents do not submit proposed parenting plans when seeking custody under chapter 26.10. We conclude the RCW 26.09.181 procedures and requirements do not apply to third-party custody petitions under RCW 26.10.[14]
Alternatively, the Mecums argue that the default order was proper under CR 55. We disagree. CR 55 provides that a motion for default may be made when "a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend." This court will not disturb the trial court's decision unless it was manifestly unreasonable, based on untenable grounds or untenable reasons.[15] Pomiak appeared, unequivocally indicated his opposition to the custody petition, responded to the default motion and submitted a proposed parenting plan. The order of default was based on untenable grounds under CR 55.
We reverse, vacate the default order, vacate the final parenting plan and the nonparental custody decree, and remand for further proceedings.[16]
NOTES
[1] The petition identifies the father as "Steve" John Doe. It states that he lives in San Diego, California and initially contested paternity. Clerk's Papers (CP) 3-8.
[2] CP at 128.
[3] CP at 180-82.
[4] In re Custody of Nunn, 103 Wash.App. 871, 883-84, 14 P.3d 175 (2000).
[5] (Emphasis added.)
[6] We presume the Legislature means what it says. Bremerton Pub. Safety Ass'n v. City of Bremerton, 104 Wash.App. 226, 232, 15 P.3d 688 (2001). We must give effect to legislative intent. State v. Bright, 129 Wash.2d 257, 265, 916 P.2d 922 (1996).
[7] 67 Wash.App. 361, 835 P.2d 267 (1992).
[8] In re Marriage of Farrell, 67 Wash.App. at 364-65, 835 P.2d 267.
[9] 118 Wash.App. 71, 74 P.3d 674 (2003).
[10] In re the Custody of S.H.B., 118 Wash.App. at 84-85, 74 P.3d 674.
[11] 103 Wash.App. 871, 14 P.3d 175 (2000).
[12] Id. at 883, 14 P.3d 175.
[13] Id. at 883-84, 14 P.3d 175 (quoting In re Custody of Anderson, 77 Wash.App. 261, 264, 890 P.2d 525 (1995)).
[14] The Mecums also argue that RCW 26.09.181 is not limited to dissolution cases because subsection (a) of the statute only refers to actions "under this chapter" and the statute refers to "parties," not parents. This argument is not persuasive. Both subsection (a) and (d) are a part of RCW 26.09.181(1). The default provision of RCW 26.09.181(1)(d) cannot be invoked unless the requirements of RCW 26.09.181(1) are not met. Because RCW 26.09.181 pertains to parents involved in dissolution proceedings, "parties" under subsection (1)(d) refers to them.
[15] Batterman v. Red Lion Hotels, Inc., 106 Wash. App. 54, 58, 21 P.3d 1174 (2001) (citing Hwang v. McMahill, 103 Wash.App. 945, 949-50, 15 P.3d 172 (2000)).
[16] Both the Mecums and Pomiak request attorney fees under RCW 26.10.080. This provision permits this court to award fees in its discretion. We decline to award fees to either party.