IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Adoption of | ) | No. 32289-1-III |
| | ) | |
| | ) | |
| H.M.G., | ) | UNPUBLISHED OPINION |
| | ) | |
| A person under the age of eighteen. | ) | |

LAWRENCE-BERREY, J. — H.G.'s father and stepmother petitioned to adopt H.G. and to terminate H.G.'s mother's parental rights. Eventually, the petitioners obtained a default order. Upon learning of this, the mother moved to set aside the default order. The lower court denied the mother's motion.

The dispositive question raised in this appeal is whether the mother was entitled to five days' written notice prior to entry of the default order. We hold that the mother appeared previously in the action, that she was entitled to five days' written notice prior to the entry of the default order, and that the trial court abused its discretion when it refused to vacate the default order and subsequent final pleadings. We therefore reverse.

FACTS

P.P. (the mother) and K.G. (the father) are the parents of H.G., born on May 7, 2007. The couple never married and a custody battle ensued after the parents separated in

September 2007. On August 16, 2008, the father married C.G. (the stepmother). H.G. has resided with his father and stepmother since April 2008.

Due to concerns about the mother's care of H.G., the father was awarded full custody in 2008. In June 2010, the trial court entered a final parenting plan and designated the father as H.G.'s primary custodian. The court restricted the mother's contact with H.G. based on numerous factors. On April 25, 2011, the father and stepmother filed petitions to adopt H.G. and for termination of the mother's parental relationship with H.G., citing the mother's failure "to perform parental duties under circumstances showing a substantial lack of regard for her parental obligations." Clerk's Papers (CP) at 10. The mother filed a response to the petition on June 7, 2011, and denied any basis for adoption of H.G. or the termination of her parental rights. In December 2011, the trial court dismissed the petitions without prejudice to allow the mother time to address her parental deficiencies.

On March 9, 2012, the mother was personally served in a courtroom with the amended summons for termination, the amended petition for adoption, and the amended petition for termination. The same cause number was used by the petitioners, despite the fact that the matter had been previously dismissed. The summons stated that in order to defend against the petition, the mother "must respond to the petition by stating [her]

2

defense in writing and by serving a copy upon the petitioners at the address below within twenty (20) days after the date of service."[1] CP at 95. The mother did not respond.

On April 3, the father and stepmother moved for an order of default against the mother. On April 5, a superior court commissioner entered a default order. On May 3— presumably because they noticed that the matter had been previously dismissed—the father and stepmother successfully moved to vacate the December 2011 order of dismissal. On April 27, the trial court entered findings of fact and conclusions of law supporting the petitions for adoption and termination of the mother's parental rights.

On May 31, the mother, pro se, filed a motion to vacate the commissioner's default order. In her statement of grounds for review, she alleged that she gave responsive documents to her father to mail, but that he forgot to mail them due to the death of his dog on the same day. She also noted that she had not been served with the motion for default. On June 12, a court commissioner denied the mother's motion to vacate the default order.

On June 28, the mother filed a CR 60 motion for relief from judgment or order. She argued that she had answered the original petition, and that she had not received notice of the motion for order of default. The superior court denied the motion and

---

[1] A party generally has only 10 days to answer an amended pleading. CR 15(a). However, the longer 20-day period applies here, given the language in the amended summons.

3

awarded the petitioners' attorney fees. The mother moved for reconsideration. The superior court denied reconsideration, and the mother timely appealed.

## ANALYSIS

The issue is whether the trial court erred in denying the mother's motion to vacate the default order. She asserts several bases to vacate the default order: (1) lack of default status at the time of the default order because she answered the original complaint, (2) improper notice of the motion for default, and (3) excusable neglect.

*Standard of Review*

Generally, we review a trial court's default orders for an abuse of discretion. CR 55(c)(1); *Clarke v. Office of Attorney Gen.*, 133 Wn. App. 767, 777, 138 P.3d 144 (2006). We will not disturb the trial court's decision unless it was manifestly unreasonable or based on untenable grounds or untenable reasons. *Mecum v. Pomiak*, 119 Wn. App. 415, 422, 81 P.3d 154 (2003). However, if a court enters an order of default where an appearing party was not provided proper notice, the defaulting party is entitled to have the judgment set aside as a matter of right. CR 55(a)(3); *Batterman v. Red Lion Hotels, Inc.*, 106 Wn. App. 54, 58-59, 21 P.3d 1174 (2001), *abrogated on other grounds by Morin v. Burris*, 160 Wn.2d 745, 161 P.3d 956 (2007).

*Appearance and Notice*

CR 55(a)(1) provides that a default judgment may be entered against a party who has "failed to appear, plead, or otherwise defend as provided by these rules." A defendant in a civil action must serve her answer within 20 days of being served with a summons and complaint. CR 4(a)(2). CR 55(a)(3) provides in relevant part, "[a]ny party who has appeared in the action for any purpose shall be served with a written notice of motion for default . . . at least 5 days before the hearing on the motion."

A party need not formally appear in order to be entitled to notice of a motion for default under CR 55. *Rosander v. Nightrunners Transp., Ltd.*, 147 Wn. App. 392, 399, 196 P.3d 711 (2008). For a defendant's alleged informal appearance to require notice of any motion for default under CR 55(a)(1), it must amount to conduct that "was designed to and, in fact, did apprise the plaintiffs of the defendants' intent to litigate the case[ ]." *Morin*, 160 Wn.2d at 755. This conduct must occur after the lawsuit is commenced. *Id.* "[M]ere intent to defend, whether shown before or after a case is filed, is not enough; the defendant must go beyond merely acknowledging that a *dispute* exists and instead acknowledge that a dispute exists in *court.*" *Id.* at 756.

"A trial court has no authority to enter a default judgment against a party who has appeared but did not receive proper notice." *Rosander*, 147 Wn. App. at 399. If the facts

5

that are claimed to amount to an appearance are undisputed, we review de novo whether an appearance is established. *Meade v. Nelson*, 174 Wn. App. 740, 750, 300 P.3d 828, *review denied*, 178 Wn.2d 1025 (2013).

Here, the mother appeared when she filed a response to the original petition on June 7, 2011. This is not contested. Although that petition was dismissed, the dismissal was later vacated at the request of the father and stepmother. Because the mother had appeared in the action, petitioners were required to provide five days' written notice prior to the entry of a default order. This, the petitioners failed to do. The commissioner was therefore without authority to enter the default order. Because the default order was improper, the subsequent orders and decree entered by the superior court also were improper. The superior court erred when it denied the mother's CR 60 motion. We therefore reverse.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, J.

WE CONCUR:

Korsmo, J.

Siddoway, C.J.

6